Shaun J. Voigt (SBN 265721)
E-Mail: svoigt@fisherphillips.com
Xiaochen Chen (SBN 347895)
E-Mail: xchen@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendants
FEDEX GROUND PACKAGE SYSTEM, INC.
and SAMANTHA GRAY (erroneously sued as
Samantha Grey)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARIA MARTIN, an individual,<br><br>             Plaintiff,<br><br>    v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; SAMANTHA GREY, an individual; and DOES 1 through 20, inclusive,<br><br>             Defendants. | Case No: <br><br>*[Removed from the Los Angeles County Superior Court, Case No. 23STCV20487]*<br><br>**FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446**<br><br>*[Filed concurrently with Declarations of Eugene Banks and Shaun J. Voigt; Civil Cover Sheet; Certificate of Interested Parties; Corporate Disclosure Statement; and Notice of Related Cases]*<br><br>Complaint Filed:   August 25, 2023<br>Trial Date:     Not Set |

NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446

FP 49812084.1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF MARIA MARTIN AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant FEDEX GROUND PACKAGE SYSTEM, INC. ("FedEx Ground"), through its counsel of record, respectfully petitions for removal of the action filed by Plaintiff MARIA MARTIN ("Ms. Martin" or "Plaintiff") from the Superior Court of the State of California, in and for the County of Los Angeles, Case No. 23STCV20487, to the United States District Court for the Central District of California – Western Division. This removal is based on the grounds of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) and is timely under 28 U.S.C. § 1446. This Petition for Removal is supported by the Declarations of Shaun Voigt ("Voigt Decl.") and Eugene Banks ("Banks Decl."), and the exhibits filed concurrently herewith. FedEx Ground provides the following information in support of its Petition:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. On August 25, 2023, Ms. Martin filed an unverified Complaint against FedEx Ground and Samantha Gray ("Ms. Gray") in the Superior Court of the State of California, County of Los Angeles, identified as Case No. 23STCV20487 *Maria Martin v. FedEx Ground Package System [sic][1], Inc.; Samantha Grey; and Does 1 through 20, inclusive* ("State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

///

///

[1] In what appears to be a typo, the caption of the complaint references "FedEx Ground Package Stystem" and the body of the complaint references "FedEx Ground Packaging System" rather than the correct corporate entity, FedEx Ground Package System, Inc. On September 26, 2023, Plaintiff filed an Amendment to Complaint which names "FEDEX GROUND PACKAGE SYSTEM INC., a Delaware corporation" as the defendant. *See* **Exhibit 3**.

2.     In her Complaint, Ms. Martin alleges eight causes of action: (1) Discrimination in Violation of Government Code §§ 12940 et. seq.; (2) Harassment in Violation of Government Code §§ 12940 et. seq.; (3) Retaliation in Violation of Government Code §§ 12940 et. seq.; (4) Failure to Prevent Discrimination and Retaliation in Violation of Government Code § 12940(k); (5) Failure to Provide Reasonable Accommodations in Violation of Government Code §§ 12940 et. seq.; (6) Failure to Engage in a Good Faith Interactive Process in Violation of Government Code §§ 12940 et. seq.; (7) For Declaratory Judgment; and (8) Wrongful Termination in Violation of Public Policy. *See* **Ex. 1**.

3.     Ms. Martin seeks a judgment in an amount according to proof, as follows: (1) "For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;" (2) "For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;" (3) "For a declaratory judgment reaffirming [Ms. Martin's] equal standing under the law and condemning Defendants' discriminatory practices;" (4) For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring [Ms. Martin] to [her] former position with Defendants;" (5) "For punitive damages, pursuant to Civil Code §§ 3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;" (6) "For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, and/or any other basis;" (7) "For post-judgment interest;" and (8) "For any other relief that is just and proper." *See* **Ex. 1** at p. 19, Prayer for Relief ¶¶ (1)-(8).

///

///

NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446
FP 49812084.1

4.      FedEx Ground was served with the complaint on September 18, 2023. Banks Decl.¶ 9.  That same day, FedEx Ground received conformed copies of the following filings: Ms. Martin's Complaint; Summons to FedEx Ground; Civil Case Cover Sheet; Civil Cover Sheet Addendum and Statement of Location; Notice of Case Assignment; Notice of Case Management Conference; Order to Show Cause Hearing; First Amended General Order; Order Pursuant to CCP 1054(a); and Alternative Dispute Resolution Information Package. True and correct copies of these filings are attached hereto as **Exhibit 2**.

5.      As noted above, on September 26, 2023, Ms. Martin filed an Amendment to Complaint to correct the name of FedEx Ground.  A true and correct copy of the Amendment to Complaint is attached hereto as **Exhibit 3**.

6.      On October 18, 2023, FedEx Ground previously removed this action to federal court, and it was assigned Case No. 2:23-cv-08784. At that time, based on Ms. Martin's allegations in the complaint, FedEx Ground argued that the amount in controversy exceeded $75,000.  [Dkt. No. 1.]  The Court, however, *sua sponte* remanded the action because the court concluded that Ms. Martin's alleged economic damages did not meet the jurisdictional minimum and Ms. Martin's other categories of damages were too speculative.  [Dkt. No. 15.]

7.      On January 26, 2024, FedEx Ground filed an Answer and Affirmative Defenses to Ms. Martin's operative complaint.  A true and correct copy of this filing is attached hereto as **Exhibit 4**.

8.      On November 1, 2023, the case was reassigned, and a Notice of Case Reassignment and Order was issued, with notice provided by Ms. Martin.  On January 3, 2024, the Parties filed and served Case Management Statements and Ms. Martin served a Notice of Posting Jury Fees.  A Minute Order regarding the Case Management Conference was filed by the Clerk on January 18, 2024, and a Notice of Ruling was filed by Ms. Martin on February 5, 2024.  True and correct copies of these items are attached hereto as **Exhibit 5**.

9. On January 30, 2024, Ms. Martin propounded written discovery on FedEx Ground. True and correct copies of these discovery requests are attached hereto as **Exhibit 6**.

10. On February 23, 2024, Ms. Gray was served. *See* Voigt Decl., ¶ 2. A true and correct copy of the Notice and Acknowledgment of Receipt served by Ms. Martin's counsel and executed by Ms. Gray's counsel is included with **Exhibit 5**. Ms. Gray consents to the removal of this action by FedEx Ground. *Id.*, ¶ 3.

11. Defendants "DOES 1 through 20" have not been identified and there is no record that any Doe defendants have been served with the Summons or the Complaint in the State Court Action.

12. To FedEx Ground's knowledge, no further proceedings have been had in the state court as of the date of this Notice.

13. The Complaint, Summons to FedEx Ground, Civil Case Cover Sheet, Civil Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, Notice of Case Management Conference, Order to Show Cause Hearing, First Amended General Order, Order Pursuant to CCP 1054(a), Alternative Dispute Resolution Information Package, Ms. Martin's Amendment to Complaint, FedEx Ground's Answer and Affirmative Defenses, Notice of Case Reassignment and Order, Ms. Martin's and FedEx Ground's respective Case Management Statements, Notice of Posting Jury Fees, Minute Order Re: Case Management Conference, Notice of Ruling, Notice and Acknowledgment of Receipt, and Ms. Martin's written discovery to FedEx Ground constitute all process, pleadings, and orders served upon or by FedEx Ground in the State Court Action. By signing this Notice of Petition for Removal, counsel for FedEx Ground verifies that to the best of FedEx Ground's knowledge, the items attached as **Exhibits 1–6** are true and complete copies of the process, pleadings, and orders in the State Court Action as of the time of this removal.

///

NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446

FP 49812084.1

## THIS REMOVAL IS TIMELY

14.  This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), a defendant must remove within 30 days of receiving a copy of the complaint only if the case stated by the initial pleading is removable; if not, the notice of removal must be filed within 30 days after a defendant receives "a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); see also *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1189 (9th Cir. 2015).

15.  If removability is "indeterminate" based on the initial pleading or other document served by the plaintiff, then the defendant may remove "at any time." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) ("In other words, as long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30–day time period never starts to run and the defendant may remove at any time."). A "defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013); *see also Stiren v. Lowes Home Centers, LLC*, No. 19-cv-00157, 2019 WL 1958511, at *3 (C.D. Cal. May 2, 2019) (denying motion to remand arguing that removal was untimely, reasoning that "defendants are not charged with any investigation, not even into their own records"). Rather, a defendant may remove an action at any time "when it discovers, based on its own investigation, that a case is removable." *Roth*, 720 F.3d at 1123; *see also Anaya v. Mars Petcare US, Inc.*, No. 21-cv-1603, 2021 WL 5578724, at *3 (C.D. Cal. Nov. 29, 2021) (denying motion to remand when defendant removed the case after discovering that the amount in controversy was ascertainable based on "the results of Defendants' own investigation").

///

///

NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446

FP 49812084.1

16. The deadline for removal has not begun because removability was indeterminate based on the allegations in the Complaint. Removability was indeterminate for two reasons.

17. First, Ms. Martin's Complaint does not definitively allege FedEx Ground's complete citizenship. Ms. Martin states that FedEx Ground is a "Delaware corporation," but she does not address its principal place of business. Failing to allege FedEx Ground's principal place of business means that California residence cannot be ruled out, based on the pleading, and therefore Ms. Martin's Complaint is indeterminate as to diversity jurisdiction. *Phat N Sticky, LLC v. Top Shelf LED, Inc.* (E.D. Wash., June 9, 2022, No. 2:22-CV-00071-SAB) 2022 WL 2078020, at *2 ("…when a complaint only includes allegations regarding an LLC's residency and/or principal place of business, this counts as an indeterminate pleading that is insufficient to support whether diversity jurisdiction exists.").

18. Second, where, as here, the amount in controversy is speculative and can only be determined by performing "mathematic calculations[s]" using figures not specified in the complaint or other document, removability is indeterminate and the deadline to remove is tolled. *See, e.g.*, *Kuxhausen v. BMV Fin. Servs.*, 707 F.3d 1136, 1139-40 (9th Cir. 2013); *Lopez v. Charter Communications, Inc.* (C.D. Cal., Feb. 21, 2019, No. EDCV1900006CJCKKX) 2019 WL 763581, at *2 ("Plaintiff's Complaint seeks 'general and special damages,' which Plaintiff identifies as including lost wages and benefits, emotional distress damages, attorneys' fees, and punitive damages. While Plaintiff is not required to specify a dollar amount for any of her requested damages, Plaintiff's Complaint contains no information to put Defendants on notice that the amount in controversy exceeds $75,000." (citing *Asrat v. CVS Pharmacy, Inc.*, 2017 WL 3461286, at *1-2 (C.D. Cal. Aug. 11, 2017)).

///

///

NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446

FP 49812084.1

19.   In sua sponte remanding this case, the Court has already acknowledged that Ms. Martin's complaint (see generally, **Ex. 1**) is indeterminate as to the amount in controversy. [Dkt. No. 15.]

20.   Since that time, Ms. Martin has not served any "other paper" establishing that the amount in controversy satisfies the jurisdictional requirement for removal based on diversity.

21.   While the complaint alone is indeterminate as to the parties' citizenship and the amount in controversy, when Ms. Martin's allegations and prayer for relief is combined with FedEx Ground's representation of its principal place of business and its recent calculation of Ms. Martin's alleged lost wages based on its investigation and review of internal business records, it is clear that FedEx Ground now satisfies the requirements for removal based on diversity jurisdiction.

22.   Finally, this Notice of Removal has been filed within one year of commencement of this action in state court as required by 28 U.S.C. §§ 1446(b). Voigt Decl. ¶ 4.  Therefore, this Notice of Removal has been timely filed.

### DIVERSITY JURISDICTION

23.   **Basis of Original Jurisdiction.** This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). As set forth below, 28 U.S.C. § 1332(a) grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. This case meets all of the diversity statute's requirements for removal. 28 U.S.C. §§ 1332, 1441, and 1446.

24.   **Complete Diversity.** Diversity of citizenship exists in this matter because Ms. Martin is a citizen of the State of California, FedEx Ground is incorporated in the State of Delaware and its principal place of business is Moon Township, in the Commonwealth of Pennsylvania, the citizenship of any unidentified "Doe" defendants is disregarded, and Ms. Gray's citizenship should be disregarded because she is a sham defendant.

25. **Ms. Martin's Citizenship.** For diversity purposes, a person is a citizen of the State where he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). "Evidence of a person's place of residence . . . is *prima facie* proof of his domicile." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885–86 (9th Cir. 2013) (citation omitted)). For removal purposes, citizenship is measured both when the action is filed and when it is removed. *Strotek Corp v. Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

26. Based on records kept and maintained by FedEx Ground, Ms. Martin was domiciled in the State of California at the time this action commenced and at the time of removal. Banks Decl. ¶ 5; *see also* Complaint, at ¶ 2 ("Plaintiff, MARIA MARTIN, is and at all times relevant hereto was a resident of the County of Los Angeles, State of California."). The presumption of continuing domicile provides a legal presumption that Ms. Martin is still a resident of the State of California. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885–86 (9th Cir. 2013) ("a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted.... This presumption has been widely accepted, including by this [the Ninth] circuit."). Ms. Martin therefore is, and at all times since the commencement of this action has been, a citizen of California.

27. **FedEx Ground's Citizenship.** At the time Ms. Martin filed the Complaint in the Los Angeles County Superior Court, FedEx Ground was (and remains) a citizen of States other than California. Under 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." FedEx Ground is incorporated in the State of Delaware. Banks Decl. ¶ 7. A corporation's principal place of business, or "nerve center," is typically where its headquarters is located. *See Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192 (2010)..

9

FedEx Ground's principal place of business, then, is Moon Township, Pennsylvania because that is where it maintains its headquarters.  Banks Decl. ¶ 8.

28.    **Doe Defendants Are Disregarded For Purposes Of Removal.** Defendants DOES 1 through 20, inclusive, are fictitious. The Complaint does not set forth the identity or status of any of these fictitious defendants, nor does it set forth any charging allegation against any fictitious defendant. Pursuant to 28 U.S.C. section 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998); *Fristos v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).

29.    **Defendant Samantha Gray Is A Sham Defendant.** As alleged in Ms. Martin's Complaint, both Ms. Martin and Ms. Gray are citizens of California. *See* **Ex. 1**, p. 2, ¶ 2 and 7.  But Ms. Gray's citizenship should be disregarded because she is fraudulently joined as a defendant in an attempt to defeat diversity.

30.    Where a non-diverse defendant has been fraudulently joined, diversity jurisdiction may still exist where the plaintiff is a citizen of the same state as the "sham defendant." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Fraudulent joinder is a term of art and does not require an ill motive. *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983).

31.    There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).  This second way of establishing fraudulent joinder is relevant here.

32.    Fraudulent joinder is established the second way if a defendant shows that an "individual joined in the action cannot be liable on any theory." *Ritchey*, 139 F.3d at 1318.  The Ninth Circuit has upheld findings of fraudulent joinder in

cases "where a defendant presents extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

33.    While FedEx Ground recognizes that "[a] defendant invoking federal court diversity jurisdiction based on fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against finding fraudulent joinder'" (*Hunter*, 582 F.3d at 1046), that burden is satisfied here because Ms. Martin has not alleged a possible claim for harassment as to Ms. Gray, nor can she through any future amendment based on the allegations that are contained in the complaint.

34.    The California Supreme Court has held that under the Fair Employment and Housing Act ("FEHA"), "only the employer, and not individual supervisors, may be sued and held liable [for discrimination]." *Reno v. Baird*, 18 Cal.4th 640, 645 (1998). Moreover, liability under other FEHA provisions, such as retaliation or failure to prevent discrimination, is similarly limited "to the employer." *Ames v. City of Novato*, 2016 WL 6024587, at *5 (N.D. Cal. Oct. 14, 2016) (holding that the plaintiffs could not sue an individual supervisory employee for discrimination, retaliation, or failure to prevent discrimination under FEHA); *see also Jones v. The Lodge at Torrey Pines Partnership* (2008) 42 Cal.4th 1158, 1160 (holding that non-employer individuals cannot be personally liable for retaliation). Given those constraints, Ms. Martin asserts only one claim against Ms. Gray that can be pursued against an individual supervisor *in appropriate circumstances* that are not present here: Harassment in Violation of Gov't Code §§ 12940 et seq. (Plaintiff's second cause of action) *See* **Ex. 1**.

35.    "An employee ... is personally liable for any harassment prohibited by [Cal. Gov't Code § 12940(j)(1)] that is perpetrated by the employee...." *Id.* § 12940(j)(3); *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 711, 101 Cal. Rptr. 3d 773, 219 P.3d 749 (2009).  A claim for harassment under FEHA requires a plaintiff to

NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446

FP 49812084.1

establish that (1) he is a member of a protected group; (2) he was subjected to harassment *because he belonged to this group*; and (3) the alleged harassment was so severe or pervasive that it created a hostile work environment. *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013).  Actionable harassment "cannot be occasional, isolated, sporadic, or trivial[;] rather, the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature....'" *Thompson v. City of Monrovia*, 186 Cal. App. 4th 860, 877 (2010) (citation omitted).  In addition, "[t]o state a FEHA harassment claim, an employee must allege facts showing that workplace harassment was severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees." *Christ v. Staples, Inc.*, 2015 WL 248075, at *6 (C.D. Cal. Jan. 20, 2015) (quoting Hughes v. Pair, 46 Cal.4th 1035, 1043 (2009)).

36.    Here, Ms. Martin cannot state a claim for harassment against Ms. Gray under the FEHA.  Ms. Martin's Complaint is completely devoid of any facts that would constitute actionable harassment against Ms. Gray.  *See* **Ex. 1**, p. 6, ¶¶ 20-25, 44-54. Ms. Martin alleges that: (1) she injured her knee and back on July 8, 2019 and November 2021, respectively; (2) Ms. Gray "demanded [Ms. Martin] perform work that she was physically unable to perform"; and (3) "[t]hereafter on or about December 23, 2021, [Ms.] Grey [sic] insisted that [Ms. Martin] return to work in violation of restrictions by her medical provider and subsequently terminated [Ms. Martin] from her employment for failure to show whilst on medical leave."  See **Ex. 1**, p. 6, ¶¶ 20-25.  Even if accepted as true for purposes of removal, as a matter of law, these allegations fall far short of actionable harassment under the FEHA.  *Lawler v. Montblanc North America, LLC*, 704 F. 3d 1235, 1244-1245 (9th Cir. 2013); *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 65 (1996).

37.    Based on the complete lack of any harassing facts asserted in the Complaint as to FedEx Ground or Ms. Gray, Ms. Martin cannot establish that there

12

was any alleged conduct by Ms. Gray towards Ms. Martin that was "because of" Ms. Martin's protected trait under the FEHA or that the alleged conduct was sufficiently severe or pervasive to constitute actionable harassment under FEHA. Thus, Ms. Gray is a sham defendant. *Quesada v. Atrium Hospitality LP* (C.D. Cal., Feb. 9, 2023, No. 222CV06143SVWMAA) 2023 WL 1861213, at *4–6 (individual was fraudulently joined and motion to remand denied where there was no possibility--based on the allegations in the complaint--that the individual could be liable for harassment under FEHA); *Croft v. GTT Communications, Inc.* (N.D. Cal., May 10, 2021, No. 21-CV-01083-EMC) 2021 WL 1847816, at *4–8 (same); *Robinson v. PPG Industries, Inc.* (C.D. Cal., Oct. 17, 2019, No. 219CV04033ODWRAOX) 2019 WL 5258573, at *3–4 (same); *Hawkins v. Transdev Services, Inc.* (N.D. Cal., Dec. 7, 2023, No. 23-CV-01259-AMO) 2023 WL 8482872, at *4-5 (same).

38.     Based on the foregoing, the Court should disregard the citizenship of Ms. Gray because she is a fraudulent defendant and find that complete diversity exists between Ms. Martin and FedEx Ground. 28 U.S.C. § 1332(d)(2)(A).

## AMOUNT IN CONTROVERSY

39.     **The Amount In Controversy Exceeds $75,000.** Ms. Martin does not specify a damages sum in her Complaint.  Accordingly, this Court may consider whether it is facially apparent from both the Complaint and additional evidence submitted by FedEx Ground that it is more likely than not that the jurisdiction amount of more than $75,000 is in controversy.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  Economic damages, non-economic damages, general damages, punitive damages and attorneys' fees are all included in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

///

NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446
FP 49812084.1

40.    While FedEx Ground denies any liability as to Ms. Martin's claims, FedEx Ground can satisfy its burden of showing that the jurisdiction threshold of more than $75,000 is in controversy. *Sanchez*, 102 F.3d at 404. "[That] burden is not 'daunting,' as courts recognize that under this standard, removing defendant is not obligated to 'research, state, and prove the plaintiff's claim for damages.'" *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, *2 (E.D. Cal. May 1, 2007) (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)). In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Further, the Court may examine extrinsic evidence of the amount in controversy. *See Singer*, 116 F.3d at 377 (requiring parties to submit "summary-judgment-type evidence relevant to the amount of controversy at the time of removal") (citation omitted).

41.    Ms. Martin's Complaint alleges eight causes of action, including six causes of action under FEHA, a seventh cause of action for declaratory judgment, and an eighth cause of action for wrongful termination predicated on the alleged FEHA violations.  *See* **Ex. 1.**  Under the FEHA, Cal. Gov't Code § 12926, *et seq*., all non-contractual tort remedies are potentially recoverable, including back pay, front pay, compensatory damages, punitive damages, attorneys' fees and costs. *See Commodore Home Sys., Inc. v. Sup. Ct.*, 649 P.2d 912 (Cal. 1982).  Accordingly, Ms. Martin seeks general, special and compensatory damages, exemplary and punitive damages, emotional distress damages, pre- and post-judgment interest, costs and attorney's fees, declaratory and injunctive relief, and such other relief as the Court deems just and proper. *See* **Ex. 1** at p. 19, Prayer for Relief ¶¶ (1)-(8). When FedEx Ground first removed the case on October 18, 2023, 21.692 months had passed since Ms. Martin's alleged termination resulting in approximately $66,621.56 in alleged lost wages at the time of the removal.  [Dkt. No. 15.]  While

crediting that amount, the Court determined that the remaining damages items were too speculative to exceed the $75,000 jurisdictional minimum. [*Id.*] Given the additional time that has passed since the October 18, 2023, removal, the amount in controversy for alleged lost wages alone now exceeds $75,000. Therefore, separately, and when combined with other damages items, FedEx Ground can now establish that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

42. **Ms. Martin's Alleged Lost Wages as a Package Handler.** Ms. Martin alleges that because of FedEx Ground's conduct, she is entitled to "lost wages, earnings, commissions, retirement benefits, and other employee benefits. *See* **Ex. 1** at p. 19, Prayer for Relief ¶ (1); *see also* Ex. 1 at ¶¶ 28-29. At the time Ms. Martin last worked for FedEx Ground as a Package Handler, she had been earning $20.25 per hour and working approximately 35 hours per week. Banks Decl. ¶ 6. That means she was earning approximately $3,071.25 per month, in regular wages. Banks Decl. ¶ 6. Ms. Martin alleges that she was wrongfully terminated on or about December 23, 2021. **Ex. 1** at p. 5, ¶ 18. Thus, as of the date of this removal on March 4, 2024, Ms. Martin is seeking approximately 26.231 months of lost wages or $80,561.96 ($3,071.25 per month x 26.231 months). Thus, the amount in controversy is established based on Ms. Martin's alleged past lost wages alone.

43. Additionally, assuming it takes 12 more months before this matter is resolved by trial, Ms. Martin will claim approximately 38.231 months of lost wages, or $117,416.96 ($3,071.25 per month x 38.231 months).

44. This amount does not take into account any future lost wages Ms. Martin may claim. If Ms. Martin receives an additional 12 months of front pay after trial, her total lost past and future wages will equal $154,271.96 ($3,071.25 per month x 50.231 months).

///

15

FP 49812084.1

45. Accordingly, at least $117,416.96 in alleged back pay and $36,855.00 in front pay, for a combined total of $154,271.96 in alleged lost past and future wages, can be included in calculating the amount in controversy.

46. **Ms. Martin's Special and General Emotional Distress Damages.** Ms. Martin alleges that, as a result of FedEx Ground's alleged conduct toward her, she has suffered "severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment" and therefore seeks damages for alleged "emotional and mental distress and aggravation" Ex. 1 at ¶¶ 28, 30; Prayer for Relief ¶ (1). The emotional distress component of Ms. Martin's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("[T]he district court properly considered...emotional distress damage awards in similar age discrimination cases.").

47. A defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000. *See Simmons*, 209 F. Supp. 2d at 1033. Emotional distress damages in employment discrimination cases in California generally exceed $50,000, and can be even more substantial, reaching and exceeding the jurisdictional minimum of $75,000 alone. *See, e.g., Wang v. Rees Scientific Corp.*, Dkt. No. CGC-13-528233, 2014 WL 5389950 (Cal. Super. Ct. S.F. June 9, 2014) (awarding plaintiff $166,302 for emotional distress damages on claims including discrimination and wrongful termination); *Stallworth v. City of Los Angeles*, Dkt. BC341480, 2009 WL 2421975 (Cal. Super. Ct. L.A. July 24, 2009) (awarding $100,000 in emotional distress damages on race discrimination and retaliation claims); *Swinton v. Potomac Corp.*, 270 F.3d 794, 799 (9th Cir. 2001) (affirming award of $30,000 in emotional distress damages in employment discrimination case where back pay was only $5,612); *Velez v. Roche*, 335

16

F.Supp.2d 1022, 1038–40 (N.D. Cal. 2004) (surveying discrimination and retaliation cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence…that the plaintiff suffered heightened mental anguish").

48.    If Ms. Martin can prove her claims at trial, it is reasonable to conclude that she will seek, and a jury may award, more than $50,000 in emotional distress damages. *See* **Ex. 1** at p. 19, ¶ (1).  Accordingly, the amount in controversy here exceeds $75,000 when Ms. Martin's alleged lost wages damages are added to a potential recovery of emotional distress damages.

49.    **Ms. Martin's Attorneys' Fees.** Ms. Martin also seeks to recover attorneys' fees. **Ex. 1** at p. 19, Prayer for Relief ¶ (6). Requests for attorneys' fees should be taken into account in ascertaining the amount in controversy. *See Galt G/S*, 142 F.3d at 1156 (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory). The Ninth Circuit Court of Appeals has held that "Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

50.    Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in FEHA lawsuits. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Board of Trs. of Cal. State Univ.*, 132 Cal.App.4th 359, 394 (2005). FedEx Ground anticipates that depositions will be taken in this case and that FedEx Ground may ultimately file a Motion for Summary Judgment. Based on defense counsel's experience, attorneys' fees in employment discrimination cases generally will exceed $50,000, and will often exceed $100,000. Other courts have also noted that in individual employment cases,

17

NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446

FP 49812084.1

attorneys' fees alone can often exceed the jurisdictional minimum. *See, e.g., Simmons*, 209 F. Supp. 2d at 1035 (N.D. Cal 2002) ("The court notes that in its twenty-plus years' of experience, attorneys' fees in individual discrimination cases often exceed the damages."); *Haase v. Aerodynamics, Inc.*, No. 2:09-CV-01751-MCE- GG, 2009 WL 3368519, at *5 (E.D. Cal. Oct. 19, 2009) (finding that "even a minimal award of attorneys' fees would cause the amount in controversy to exceed the jurisdictional minimum."). Thus, it is more likely than not that the fees incurred in this case will exceed at least $50,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $100,000 if the case proceeds to trial. Accordingly, even assuming an attorneys' fees award of $50,000, the amount in controversy threshold of more than $75,000 would be easily surpassed when aggregating Ms. Martin's claimed lost wages, emotional distress damages, and potential attorneys' fee award.

51.   **Ms. Martin's Claimed Punitive Damages.** Ms. Martin alleges, without sufficient support, that FedEx Ground's actions were carried out in a manner entitling her to punitive damages. **Ex. 1** at ¶¶ 43, 53, 65, 71, 79, 87, 107; Prayer for Relief ¶ (5).  Punitive damages are part of the amount in controversy in a civil action. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law). Although Ms. Martin's claim for punitive damages appears weak, courts have recognized that California jury verdicts "amply demonstrate the potential for large punitive damages awards in employment discrimination cases." *See Simmons*, 209 F. Supp. 2d at 1033. Therefore, Ms. Martin's request for punitive damages weighs in favor of establishing the amount in controversy requirement is met in this case.

52.   Based on the foregoing, there is ample evidence that the amount in controversy, now exceeds the minimum threshold of $75,000.

NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446

FP 49812084.1

## ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

53. **Venue and Intradistrict Assignment.** Pursuant to 28 U.S.C. section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. section 1441(a) and is properly laid in the district embracing the place where the action is pending). This Court (the Western Division of the Central District of California) embraces the Los Angeles County Superior Court, which is where Ms. Martin's Complaint was originally filed and where the action is currently pending. Accordingly, this Court is the appropriate court to remove this action.

54. **Notice of Removal.** As required by 28 U.S.C. section 1446(d), a copy of the Notice of Petition for Removal will be attached to a pleading entitled Notice to Adverse Party and State Court of Removal of Action to Federal Court and promptly served on Ms. Martin and filed with the Clerk of the Superior Court of the State of California, in and for the County of Los Angeles.

55. In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders" from the State Court Action served on FedEx Ground or filed by FedEx Ground are attached to this Notice of Petition for Removal as **Exhibits 1–6**.

///

///

///

///

///

///

NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446

FP 49812084.1

# **CONCLUSION**

Complete diversity of citizenship exists and the amount in controversy exceeds $75,000.  Accordingly, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and FedEx Ground has properly removed the State Court Action to this Court.  FedEx Ground reserves, and does not waive, any objections it may have to jurisdiction, venue, and any and all other defenses or objections to the action.

# **PRAYER FOR REMOVAL**

WHEREFORE, FedEx Ground prays that the State Court Action be removed from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California (Western Division).

Dated:  March 4, 2024

Respectfully submitted,

FISHER & PHILLIPS LLP

By:  */s/Shaun J. Voigt*
Shaun J. Voigt
Xiaochen Chen
Attorneys for Defendants FEDEX GROUND PACKAGE SYSTEM, INC. and SAMANTHA GRAY

20

NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446

FP 49812084.1

# EXHIBIT 1

Ramin R. Younessi, Esq. (SBN 175020)
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorney for Plaintiff,
MARIA MARTIN

**Electronically FILED by**
**Superior Court of California,**
**County of Los Angeles**
**8/25/2023 4:08 PM**
**David W. Slayton,**
**Executive Officer/Clerk of Court,**
**By S. Ruiz, Deputy Clerk**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| MARIA MARTIN, an individual,<br><br>                Plaintiff,<br><br>    v.<br><br>FEDEX GROUND PACKAGE STYSTEM, INC., a Delaware corporation; SAMANTHA GREY, an individual; and DOES 1 through 20, inclusive,<br><br>                Defendants. | Case No. 23STCV20487<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>2. **HARASSMENT IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>3. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>4. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);**<br><br>5. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>6. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>7. **FOR DECLARATORY JUDGMENT**<br><br>8. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br><br>**DEMAND OVER $25,000**<br><br>**[DEMAND FOR JURY TRIAL]** |

-1-

COMPLAINT FOR DAMAGES

COMES NOW PLAINTIFF, MARIA MARTIN, and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION

1.     This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

## THE PARTIES

2.     Plaintiff, MARIA MARTIN, is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant FEDEX GROUND PACKAGING SYSTEM (hereinafter referred to as "Employer") was and is a Delaware corporation doing business at 1725 Charles Willard Street, Carson, CA 90746.

4.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Employer owned and operated a private package shipment company.

5.     At all times relevant herein, Employer and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a), (h), (1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

6.     At all times relevant herein, Employer and DOES 1-20 were Plaintiff's employer, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order No. 9-2001 and are each any "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

7.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant SAMANTHA GREY, was and is an individual resident of the County of Los Angeles, State of California, and are hereinafter individually referred to by last name and collectively referred to

-2-
COMPLAINT FOR DAMAGES

as the "INDIVIDUAL DEFENDANTS." The INDIVIDUAL DEFENDANTS were Employers' managers, corporate agents, supervisors, and/or employees.

8. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

9. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

10. Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20 and acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20 and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

11. Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

///

-3-
COMPLAINT FOR DAMAGES

12. Plaintiff has filed complaints of discrimination, retaliation, failure to prevent discrimination or retaliation, failure to accommodate, failure to engage in the interactive process, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Civil Rights Department ("CCRD") and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

13. Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Employer and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

14. Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Employer and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

a. Employer is completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b. Employer and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

c. Employer and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d. Employer does not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e. The business affairs of Employer and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Employer is, and at all times relevant hereto was, used by one another and DOES

-4-
COMPLAINT FOR DAMAGES

1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of Employer and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

15. Accordingly, Employer constitute the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

16. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Employer and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Employer and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

17. Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, Employer, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Employer and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Employer and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Employer and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Employer and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, Employer and/or DOES 1-20 are the successors of one or more of the other Defendants and are liable on that basis.

## FACTUAL ALLEGATIONS

18. In or around October 2008, Employer hired Plaintiff to work as a warehouse worker Plaintiff was a full-time, non-exempt employee, and performed all of Plaintiff's job duties satisfactorily before Plaintiff was wrongfully terminated on or about December 23, 2021.

19. Plaintiff was 54 years old at the time of her wrongful termination.

-5-

COMPLAINT FOR DAMAGES

20.     On or about July 8, 2019, Plaintiff injured her left knee whilst working.  Thereafter, on or about November 2021, Plaintiff injured her back when she tripped over a box.

21.     The pain limited Plaintiff's ability to perform the major life activity of working and therefore, constituted a disability.

22.     After notifying employer of her disability Employer placed her on light duty but did not provide requested medical treatment.

23.     Plaintiff's supervisor, Samantha Grey, demanded Plaintiff perform work that she was physically unable to perform.

24.     Thereafter Plaintiff independently consulted with her medical provider who placed her on medical leave.

25.     Thereafter on or about December 23, 2021, Samantha Grey insisted that Plaintiff return to work in violation of restrictions by her medical provider and subsequently terminated Plaintiff from her employment for failure to show whilst on medical leave.

26.     Plaintiff's termination was substantially motivated by Plaintiff's age, disability or perceived disability, medical condition or perceived medical condition, request for accommodation, and/or engagement in protected activities, without any discussion of disability accommodations or any good faith attempt to engage in the interactive process with Plaintiff.  Defendants' discriminatory animus is evidenced by the previously mentioned facts.

27.     Defendants' conduct described herein was undertaken, authorized, and/or ratified Defendants' officers, directors and/or managing agents, including, but not limited to those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants.  The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

28.     As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression,

-6-

COMPLAINT FOR DAMAGES

headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

29. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

30. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

31. Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

## FIRST CAUSE OF ACTION

## FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

32. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 27, inclusive, as though set forth in full herein.

33. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

34. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

35. FEHA requires Defendants to refrain from discriminating against an employee on the basis of age, disability and/or medical condition, real or perceived, and to prevent discrimination on the basis of disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities from occurring.

36. Plaintiff was a member of multiple protected classes as a result of Plaintiff's age, disability, medical condition and/or the perception that Plaintiff was suffering from a disability and/or medical condition.

-7-

COMPLAINT FOR DAMAGES

37.     At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

38.     Plaintiff suffered the adverse employment actions of discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

39.     Plaintiff is informed and believes that Plaintiff's age, disability and/or medical condition, real and perceived, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

40.     Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

41.     The damage allegations of Paragraphs 28 through 31, inclusive, are herein incorporated by reference.

42.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

43.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION

## FOR HARASSMENT IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

44.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 27, inclusive, as though set forth in full herein.

///

-8-

COMPLAINT FOR DAMAGES

45. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

46. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to harassment on the bases of one or more of the protected characteristics under FEHA.

47. These laws set forth in the preceding paragraph require Defendants to refrain from harassing, or creating, or maintaining a hostile work environment against an employee based upon the employee's age, disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities, as set forth hereinabove.

48. Defendants' harassing conduct was severe or pervasive, was unwelcome by Plaintiff, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

49. Defendants violated the FEHA and the public policy of the State of California which is embodied in the FEHA by creating a hostile work environment and harassing Plaintiff because of Plaintiff's age, disability and/or medical condition, real or perceived, use of medical leave, engagement in protected activities, and/or some combination of these protected characteristics, as set forth hereinabove.

50. The above said acts were perpetrated upon Plaintiff by a supervisor, and/or Defendants knew or should have known of the conduct but failed to take immediate and appropriate corrective action.

51. The above said acts of Defendants constitute violations of the FEHA and violations of the public policy of the State of California. Such violations were a proximate cause of Plaintiff's damage as stated below.

52. The damage allegations of Paragraphs 28 through 31, inclusive, are herein incorporated by reference.

53. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights

-9-

COMPLAINT FOR DAMAGES

such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

54. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## THIRD CAUSE OF ACTION

## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

55. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 27, inclusive, as though set forth in full herein.

56. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

57. These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

58. Plaintiff engaged in the protected activities of requesting accommodation and complaining about and protesting Defendants' discriminatory conduct towards Plaintiff based upon Plaintiff's age, disability, medical condition, real or perceived, and use of medical leave.

59. Plaintiff suffered the adverse employment actions of discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

60. Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation, complaining about and protesting about Defendants' discriminatory conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

61. Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

///

///

-10-

COMPLAINT FOR DAMAGES

62. Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

63. The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

64. The damage allegations of Paragraphs 28 through 31, inclusive, are herein incorporated by reference.

65. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

66. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### FOURTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION AND RETALIATION

### IN VIOLATION OF GOV'T CODE §12940(k)

### AGAINST ALL DEFENDANTS

67. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 27 inclusive, as though set forth in full herein.

68. At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination, and retaliation from occurring. As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

///

-11-

COMPLAINT FOR DAMAGES

69. The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

70. The damage allegations of Paragraphs 28 through 31, inclusive, are herein incorporated by reference.

71. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

72. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FIFTH CAUSE OF ACTION

## FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS

## IN VIOLATION OF GOV'T CODE§§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

73. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 27, inclusive, as though set forth in full herein.

74. At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

75. At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a physical condition that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

///

-12-

COMPLAINT FOR DAMAGES

76.    At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed or could have performed the duties and functions of that position with reasonable accommodations.  At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or medical condition, actual or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety.  Accommodation of Plaintiff's disability, real or perceived, or medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants.  Defendants failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff and continue to violate this obligation, up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

77.    The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

78.    The damage allegations of Paragraphs 28 through 31, inclusive, are herein incorporated by reference.

79.    The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

80.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

///

///

///

///

///

///

-13-

COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION

## FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS

## IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

81.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 27, inclusive, as though set forth in full herein.

82.     At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

83.     At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

84.     Plaintiff reported the disability to Defendants, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so. Thereafter, despite Defendants continuing obligation to engage in the interactive process with Plaintiff, despite Plaintiff's submission of a doctors' notes identifying Plaintiff's condition, Defendants failed and refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendants violated, and continued to violate this obligation up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

85.     The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

86.     The damage allegations of Paragraphs 28 through 31, inclusive, are herein incorporated by reference.

///

-14-

COMPLAINT FOR DAMAGES

87.     The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

88.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SEVENTH CAUSE OF ACTION

## FOR DECLARATORY JUDGMENT

## AGAINST ALL DEFENDANTS

89.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 78, inclusive, as though set forth in full herein.

90.     Government Code §12920 sets forth the public policy of the State of California as follows:

> It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

> It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

> Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

> It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

-15-

COMPLAINT FOR DAMAGES

This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

91. Government Code §12920.5 embodies the intent of the California legislature and states:

In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

92. Moreover, Government Code §12921, subdivision (a) says in pertinent part:

The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

93. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate and retaliate against Plaintiff; that Plaintiff was not terminated as a result of Plaintiff's age, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff contends that Defendants did discriminate and retaliate against Plaintiff on the basis of Plaintiff's age, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics; and that Plaintiff was retaliated against and, ultimately wrongfully terminated as a result of Plaintiff's age, medical condition, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contentions.

94. Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of Plaintiff's rights and duties, and a declaration that Plaintiff's age, perceived disability, medical condition, perceived medical condition, disability, engagement in protected activities, and/or some combination of these protected characteristics was a substantial motivating factor in the decision to subject Plaintiff to the aforementioned adverse employment actions.

///

-16-

COMPLAINT FOR DAMAGES

95. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for Plaintiff and on behalf of employees in the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices prospectively. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

96. A judicial declaration is necessary and appropriate at this time such that Defendants may also be aware of their obligations under the law to not engage in discriminatory practices and to not violate the law in the future.

97. Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded reasonable attorneys' fees and costs: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorneys' fees and costs, including expert witness fees." Such fees and costs expended by an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring discrimination.

### EIGHTH CAUSE OF ACTION

### FOR WRONGFUL TERMINATION

### IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA

### AGAINST ALL DEFENDANTS

98. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 27 inclusive, as though set forth in full herein.

99. At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants. This law requires Defendants to refrain, among other things, from discriminating against any employee on the basis of age, disability, medical condition, real or perceived, and use of medical leave, and from retaliating against any employee who engages in protected activity.

100. At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of age, disability, medical condition, real or perceived, use of medical leave and/or engagement in protected activity.

101.   Plaintiff believes and thereon alleges that Plaintiff's age, disability and/or medical condition, real or perceived, use of medical leave, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

102.   Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of age, disability, medical condition, real or perceived, or use of medical leave, Plaintiff's complaining of discrimination due to these protected classes, Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

103.   The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above.   Defendants violated these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

104.   At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of use of CFRA leave or in violation of FEHA.

105.   Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's use of CFRA leave, and/or Plaintiff's status as a protected member of the class under FEHA was a proximate cause in Plaintiff's damages as stated below.

106.   The damage allegations of Paragraphs 28 through 31, inclusive, are herein incorporated by reference.

107.   The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

///

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

1.     For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.     For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE,** Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

3.     For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

4.     For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

5.     For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

6.     For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, and/or any other basis;

7.     For post-judgment interest; and

8.     For any other relief that is just and proper.

DATED:  August 25, 2023

LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION

By: _____
Ramin R. Younessi, Esq.
Attorney for Plaintiff
MARIA MARTIN

-19-

COMPLAINT FOR DAMAGES

## JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

DATED:  August 25, 2023

LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION

By:

Ramin R. Younessi, Esq.
Attorney for Plaintiff
MARIA MARTIN

-20-

COMPLAINT FOR DAMAGES

# EXHIBIT 2

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
09/18/2023
CT Log Number 544740862

## Service of Process Transmittal Summary

**TO:**       Matthew Endlish
            Fedex Ground Package System, Inc.
            1000 FED EX DR
            MOON TOWNSHIP, PA 15108-9373

**RE:**       **Process Served in California**

**FOR:**      FedEx Ground Package System, Inc.  (Domestic State: DE)

### ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MARIA MARTIN, an individual // To: FedEx Ground Package System, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Notice(s), Order(s), Certificate, Attachment(s), First Amended Standing Order, Stipulation(s), Conference, Stipulation and Order |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Central Avenue, CA<br>Case # 23STCV20487 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/18/2023 at 10:32 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and legal papers are served on you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Ramin R. Younessi<br>Law Offices of Ramin R. Younessi, APLC<br>3435 Wilshire Boulevard, Suite 2200<br>Los Angeles, CA 90010<br>213-480-6200 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/18/2023, Expected Purge Date: 09/23/2023<br><br>Image SOP<br><br>Email Notification,  Matthew Endlish  matthew.endlish@fedex.com<br><br>Email Notification,  Lisa Santucci  lisa.santucci@fedex.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
09/18/2023
CT Log Number 544740862

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

## PROCESS SERVER DELIVERY DETAILS

**Date:**          Mon, Sep 18, 2023
**Server Name:**   Victor Mendez

| Entity Served | FEDEX GROUND PACKAGE SYSTEM, INC. |
|---|---|
| Case Number | 23STCV20487 |
| Jurisdiction | CA |

| Inserts |
|---|
|  |



**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FEDEX GROUND PACKAGE STYSTEM, INC., a Delaware corporation; SAMANTHA GREY, an individual; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARIA MARTIN, an individual,

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/25/2023 4:08 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Ruiz, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court
Central District
111 N. Hill Street, Los Angeles, CA 90012

CASE NUMBER: *(Número del Caso):*

**23STCV20487**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Ramin R. Younessi, Esq.; 3435 Wilshire Boulevard, Suite 2200, Los Angeles, CA 90010; (213) 480-6200

| | | |
| --- | --- | --- |
| DATE: | David W. Slayton, Executive Officer/Clerk of Court | |
| *(Fecha)* 08/25/2023 | Clerk, by *(Secretario)* S. Ruiz | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of (specify): Fedex Ground Package Stystem, Inc., a Delaware corporation

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date)*

Page 1 of 1

| | | |
| --- | --- | --- |
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courts.ca.gov |

Ramin R. Younessi, Esq. (SBN 175020)
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorney for Plaintiff,
MARIA MARTIN

**Electronically FILED by**
**Superior Court of California,**
**County of Los Angeles**
**8/25/2023 4:08 PM**
**David W. Slayton,**
**Executive Officer/Clerk of Court,**
**By S. Ruiz, Deputy Clerk**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| MARIA MARTIN, an individual,<br><br>     Plaintiff,<br><br>  v.<br><br>FEDEX GROUND PACKAGE STYSTEM, INC., a Delaware corporation; SAMANTHA GREY, an individual; and DOES 1 through 20, inclusive,<br><br>     Defendants. | Case No. 23STCV20487<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>2. **HARASSMENT IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>3. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>4. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);**<br><br>5. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>6. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>7. **FOR DECLARATORY JUDGMENT**<br><br>8. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br><br>**DEMAND OVER $25,000**<br><br>**[DEMAND FOR JURY TRIAL]** |

-1-

COMPLAINT FOR DAMAGES

**COMES NOW PLAINTIFF, MARIA MARTIN,** and for causes of action against the Defendants and each of them, alleges as follows:

### JURISDICTION

1. This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

### THE PARTIES

2. Plaintiff, MARIA MARTIN, is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant FEDEX GROUND PACKAGING SYSTEM (hereinafter referred to as "Employer") was and is a Delaware corporation doing business at 1725 Charles Willard Street, Carson, CA 90746.

4. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Employer owned and operated a private package shipment company.

5. At all times relevant herein, Employer and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a), (h), (1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

6. At all times relevant herein, Employer and DOES 1-20 were Plaintiff's employer, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order No. 9-2001 and are each any "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

7. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant SAMANTHA GREY, was and is an individual resident of the County of Los Angeles, State of California, and are hereinafter individually referred to by last name and collectively referred to

-2-

COMPLAINT FOR DAMAGES

as the "INDIVIDUAL DEFENDANTS." The INDIVIDUAL DEFENDANTS were Employers' managers, corporate agents, supervisors, and/or employees.

8.    The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

9.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

10.    Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20 and acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20 and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

11.    Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

///

-3-

COMPLAINT FOR DAMAGES

12.    Plaintiff has filed complaints of discrimination, retaliation, failure to prevent discrimination or retaliation, failure to accommodate, failure to engage in the interactive process, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Civil Rights Department ("CCRD") and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

13.    Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Employer and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

14.    Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Employer and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

a.    Employer is completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.    Employer and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

c.    Employer and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.    Employer does not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.    The business affairs of Employer and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Employer is, and at all times relevant hereto was, used by one another and DOES

-4-

COMPLAINT FOR DAMAGES

1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of Employer and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

15. Accordingly, Employer constitute the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

16. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Employer and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Employer and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

17. Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, Employer, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Employer and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Employer and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Employer and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Employer and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, Employer and/or DOES 1-20 are the successors of one or more of the other Defendants and are liable on that basis.

## FACTUAL ALLEGATIONS

18. In or around October 2008, Employer hired Plaintiff to work as a warehouse worker Plaintiff was a full-time, non-exempt employee, and performed all of Plaintiff's job duties satisfactorily before Plaintiff was wrongfully terminated on or about December 23, 2021.

19. Plaintiff was 54 years old at the time of her wrongful termination.

-5-

COMPLAINT FOR DAMAGES

20. On or about July 8, 2019, Plaintiff injured her left knee whilst working. Thereafter, on or about November 2021, Plaintiff injured her back when she tripped over a box.

21. The pain limited Plaintiff's ability to perform the major life activity of working and therefore, constituted a disability.

22. After notifying employer of her disability Employer placed her on light duty but did not provide requested medical treatment.

23. Plaintiff's supervisor, Samantha Grey, demanded Plaintiff perform work that she was physically unable to perform.

24. Thereafter Plaintiff independently consulted with her medical provider who placed her on medical leave.

25. Thereafter on or about December 23, 2021, Samantha Grey insisted that Plaintiff return to work in violation of restrictions by her medical provider and subsequently terminated Plaintiff from her employment for failure to show whilst on medical leave.

26. Plaintiff's termination was substantially motivated by Plaintiff's age, disability or perceived disability, medical condition or perceived medical condition, request for accommodation, and/or engagement in protected activities, without any discussion of disability accommodations or any good faith attempt to engage in the interactive process with Plaintiff. Defendants' discriminatory animus is evidenced by the previously mentioned facts.

27. Defendants' conduct described herein was undertaken, authorized, and/or ratified Defendants' officers, directors and/or managing agents, including, but not limited to those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

28. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression,

-6-

COMPLAINT FOR DAMAGES

headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

29. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

30. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

31. Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

## FIRST CAUSE OF ACTION

## FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

32. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 27, inclusive, as though set forth in full herein.

33. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

34. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

35. FEHA requires Defendants to refrain from discriminating against an employee on the basis of age, disability and/or medical condition, real or perceived, and to prevent discrimination on the basis of disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities from occurring.

36. Plaintiff was a member of multiple protected classes as a result of Plaintiff's age, disability, medical condition and/or the perception that Plaintiff was suffering from a disability and/or medical condition.

-7-

COMPLAINT FOR DAMAGES

37.     At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

38.     Plaintiff suffered the adverse employment actions of discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

39.     Plaintiff is informed and believes that Plaintiff's age, disability and/or medical condition, real and perceived, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

40.     Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

41.     The damage allegations of Paragraphs 28 through 31, inclusive, are herein incorporated by reference.

42.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

43.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION

## FOR HARASSMENT IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

44.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 27, inclusive, as though set forth in full herein.

///

-8-

COMPLAINT FOR DAMAGES

45. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

46. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to harassment on the bases of one or more of the protected characteristics under FEHA.

47. These laws set forth in the preceding paragraph require Defendants to refrain from harassing, or creating, or maintaining a hostile work environment against an employee based upon the employee's age, disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities, as set forth hereinabove.

48. Defendants' harassing conduct was severe or pervasive, was unwelcome by Plaintiff, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

49. Defendants violated the FEHA and the public policy of the State of California which is embodied in the FEHA by creating a hostile work environment and harassing Plaintiff because of Plaintiff's age, disability and/or medical condition, real or perceived, use of medical leave, engagement in protected activities, and/or some combination of these protected characteristics, as set forth hereinabove.

50. The above said acts were perpetrated upon Plaintiff by a supervisor, and/or Defendants knew or should have known of the conduct but failed to take immediate and appropriate corrective action.

51. The above said acts of Defendants constitute violations of the FEHA and violations of the public policy of the State of California. Such violations were a proximate cause of Plaintiff's damage as stated below.

52. The damage allegations of Paragraphs 28 through 31, inclusive, are herein incorporated by reference.

53. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights

-9-

COMPLAINT FOR DAMAGES

such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

54. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## THIRD CAUSE OF ACTION

## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

55. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 27, inclusive, as though set forth in full herein.

56. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

57. These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

58. Plaintiff engaged in the protected activities of requesting accommodation and complaining about and protesting Defendants' discriminatory conduct towards Plaintiff based upon Plaintiff's age, disability, medical condition, real or perceived, and use of medical leave.

59. Plaintiff suffered the adverse employment actions of discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

60. Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation, complaining about and protesting about Defendants' discriminatory conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

61. Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

///

///

-10-

COMPLAINT FOR DAMAGES

62.    Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

63.    The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

64.    The damage allegations of Paragraphs 28 through 31, inclusive, are herein incorporated by reference.

65.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

66.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### FOURTH CAUSE OF ACTION
### FAILURE TO PREVENT DISCRIMINATION AND RETALIATION
### IN VIOLATION OF GOV'T CODE §12940(k)
### AGAINST ALL DEFENDANTS

67.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 27 inclusive, as though set forth in full herein.

68.    At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination, and retaliation from occurring. As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

///

-11-

COMPLAINT FOR DAMAGES

69.     The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

70.     The damage allegations of Paragraphs 28 through 31, inclusive, are herein incorporated by reference.

71.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

72.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FIFTH CAUSE OF ACTION

## FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS

## IN VIOLATION OF GOV'T CODE§§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

73.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 27, inclusive, as though set forth in full herein.

74.     At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

75.     At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a physical condition that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

///

-12-

COMPLAINT FOR DAMAGES

76. At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed or could have performed the duties and functions of that position with reasonable accommodations. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or medical condition, actual or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety. Accommodation of Plaintiff's disability, real or perceived, or medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants. Defendants failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff and continue to violate this obligation, up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

77. The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

78. The damage allegations of Paragraphs 28 through 31, inclusive, are herein incorporated by reference.

79. The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

80. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

///

///

///

///

///

///

-13-

COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION

## FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS

## IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

81.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 27, inclusive, as though set forth in full herein.

82.     At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

83.     At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

84.     Plaintiff reported the disability to Defendants, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so. Thereafter, despite Defendants continuing obligation to engage in the interactive process with Plaintiff, despite Plaintiff's submission of a doctors' notes identifying Plaintiff's condition, Defendants failed and refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendants violated, and continued to violate this obligation up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

85.     The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

86.     The damage allegations of Paragraphs 28 through 31, inclusive, are herein incorporated by reference.

///

-14-

COMPLAINT FOR DAMAGES

87. The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

88. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**SEVENTH CAUSE OF ACTION**

**FOR DECLARATORY JUDGMENT**

**AGAINST ALL DEFENDANTS**

89. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 78, inclusive, as though set forth in full herein.

90. Government Code §12920 sets forth the public policy of the State of California as follows:

> It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

> It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

> Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

> It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

-15-

COMPLAINT FOR DAMAGES

This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

91.    Government Code §12920.5 embodies the intent of the California legislature and states:

In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

92.    Moreover, Government Code §12921, subdivision (a) says in pertinent part:

The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

93.    An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate and retaliate against Plaintiff; that Plaintiff was not terminated as a result of Plaintiff's age, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff contends that Defendants did discriminate and retaliate against Plaintiff on the basis of Plaintiff's age, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics; and that Plaintiff was retaliated against and, ultimately wrongfully terminated as a result of Plaintiff's age, medical condition, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contentions.

94.    Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of Plaintiff's rights and duties, and a declaration that Plaintiff's age, perceived disability, medical condition, perceived medical condition, disability, engagement in protected activities, and/or some combination of these protected characteristics was a substantial motivating factor in the decision to subject Plaintiff to the aforementioned adverse employment actions.

///

-16-

COMPLAINT FOR DAMAGES

95.    A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for Plaintiff and on behalf of employees in the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices prospectively. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

96.    A judicial declaration is necessary and appropriate at this time such that Defendants may also be aware of their obligations under the law to not engage in discriminatory practices and to not violate the law in the future.

97.    Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded reasonable attorneys' fees and costs: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorneys' fees and costs, including expert witness fees." Such fees and costs expended by an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring discrimination.

## EIGHTH CAUSE OF ACTION
## FOR WRONGFUL TERMINATION
## IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA
## AGAINST ALL DEFENDANTS

98.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 27 inclusive, as though set forth in full herein.

99.    At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants. This law requires Defendants to refrain, among other things, from discriminating against any employee on the basis of age, disability, medical condition, real or perceived, and use of medical leave, and from retaliating against any employee who engages in protected activity.

100.    At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of age, disability, medical condition, real or perceived, use of medical leave and/or engagement in protected activity.

-17-

101.    Plaintiff believes and thereon alleges that Plaintiff's age, disability and/or medical condition, real or perceived, use of medical leave, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

102.    Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of age, disability, medical condition, real or perceived, or use of medical leave, Plaintiff's complaining of discrimination due to these protected classes, Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

103.    The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above.  Defendants violated these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

104.    At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of use of CFRA leave or in violation of FEHA.

105.    Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's use of CFRA leave, and/or Plaintiff's status as a protected member of the class under FEHA was a proximate cause in Plaintiff's damages as stated below.

106.    The damage allegations of Paragraphs 28 through 31, inclusive, are herein incorporated by reference.

107.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

///

-18-

COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

1.      For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.      For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE,** Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

3.      For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

4.      For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

5.      For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

6.      For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, and/or any other basis;

7.      For post-judgment interest; and

8.      For any other relief that is just and proper.

DATED: August 25, 2023

LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION

By: _____
Ramin R. Younessi, Esq.
Attorney for Plaintiff
MARIA MARTIN

-19-

COMPLAINT FOR DAMAGES

**JURY TRIAL DEMANDED**

Plaintiff demands trial of all issues by jury.

DATED:  August 25, 2023

LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION

By:  _____
Ramin R. Younessi, Esq.
Attorney for Plaintiff
MARIA MARTIN

-20-

COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ramin R. Younessi, Esq. (175020) - Law Offices of Ramin R. Younessi, A.P.L.C.<br>3435 Wilshire Boulevard, Suite 2200, Los Angeles, CA 90010<br><br>TELEPHONE NO.: (213) 480-6200    FAX NO. *(Optional):* (213) 480-6201<br>E-MAIL ADDRESS: ryounessi@younessilaw.com<br>ATTORNEY FOR *(Name):* Plaintiff, Maria Martin | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>8/25/2023 4:08 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By S. Ruiz, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111. N. Hill Street
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

CASE NAME:
Maria Martin v. FedEx Ground Package System, Inc, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ **Unlimited** (Amount demanded exceeds $25,000) | ☐ **Limited** (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 23STCV20487 |
| | | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2.  This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. ☐ Large number of separately represented parties
    b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
    c. ☐ Substantial amount of documentary evidence
    d. ☐ Large number of witnesses
    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    f. ☐ Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4.  Number of causes of action *(specify):* Eight (8)
5.  This case ☐ is   ☑ is not   a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: August 25, 2023

Ramin R. Younessi, Esq.
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Maria Martin v. FedEx Ground Package System, Inc, et al. | 23STCV20487 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A Civil Case Cover Sheet Case Type | B Type of Action (check only one) | C Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| LASC CIV 109 Rev. 01/23 | CIVIL CASE COVER SHEET ADDENDUM | LASC Local Rule 2.3 |
|---|---|---|
| For Mandatory Use | AND STATEMENT OF LOCATION | |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Maria Martin v. FedEx Ground Package System, Inc, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23          **CIVIL CASE COVER SHEET ADDENDUM**          LASC Local Rule 2.3
For Mandatory Use                **AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Maria Martin v. FedEx Ground Package System, Inc, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| | | |
|---|---|---|
| LASC CIV 109 Rev. 01/23<br>For Mandatory Use | **CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION** | LASC Local Rule 2.3 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Maria Martin v. FedEx Ground Package System, Inc, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Maria Martin v. FedEx Ground Package System, Inc, et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>1725 Charles Willard Street |
|---|---|

| CITY:<br>Carson | STATE:<br>CA | ZIP CODE:<br>90746 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 08/25/2023

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**08/25/2023**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ S. Ruiz _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>23STCV20487 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Serena R. Murillo | 31 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 08/25/2023 _____    By S. Ruiz _____, Deputy Clerk
(Date)

LACIV 190 (Rev 6/18)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Maria Martin

DEFENDANT:
FEDEX GROUND PACKAGE STYSTEM, INC., et al.

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

09/12/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____ T. De La Paz _____ Deputy

CASE NUMBER:
23STCV20487

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: 01/18/2024      Time: 9:00 AM      Dept.: 31

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 09/13/2023

Judicial Officer

Serena R. Murillo / Judge

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Los Angeles _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Ramin Ray Younessi
3435 Wilshire Boulevard
Suite 2200
Los Angeles, CA 90010

David W. Slayton, Executive Officer / Clerk of Court

By _____ T. De La Paz _____
Deputy Clerk

Dated: 09/13/2023

LASC LACIV 132 Rev. 01/23
For Optional Use

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF(S):

Maria Martin

DEFENDANT(S):

FEDEX GROUND PACKAGE STYSTEM, INC., et al.

| | Reserved for Clerk's File Stamp |
|---|---|
| | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**09/12/2023**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ T. De La Paz _____ Deputy |

## ORDER TO SHOW CAUSE HEARING

CASE NUMBER:

23STCV20487

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on 12/29/2023 at 9:00 AM in department 31 of this court, Stanley Mosk Courthouse _____,
and show cause why sanctions should not be imposed for:

[✔]    Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following: California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]    To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: 09/12/2023

Serena R. Murillo / Judge
Judicial Officer

## ORDER TO SHOW CAUSE HEARING

LACIV 166 (Rev. 09/08)
LASC Approved 06-04

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Maria Martin

DEFENDANT/RESPONDENT:
FEDEX GROUND PACKAGE STYSTEM, INC., et al.

| | |
|---|---|
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23STCV20487 |

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles
09/12/2023
David W. Slayton, Executive Officer / Clerk of Court
By: _____ T. De La Paz _____ Deputy

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Ramin Ray Younessi
Law Offices of Ramin R Younessi, APLC
3435 Wilshire Boulevard
Suite 2200
Los Angeles, CA 90010

David W. Slayton, Executive Officer / Clerk of Court

Dated: 09/13/2023                    By: __T. De La Paz_____
                                              Deputy Clerk

# CERTIFICATE OF MAILING

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 0 3 2019**

Sherri R. Carter, Executive Officer/Clerk

By_____,Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
_____)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

     a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

     b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

     c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

     d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i)    Depositions;

   ii)   Declarations;

   iii)  Exhibits (including exhibits to declarations);

   iv)   Transcripts (including excerpts within transcripts);

   v)    Points and Authorities;

   vi)   Citations; and

   vii)  Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

11)  SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                    (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| Print | Save | Clear |
|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1.  This document relates to:

     ☐    Request for Informal Discovery Conference
     ☐    Answer to Request for Informal Discovery Conference

2.  Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3.  Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4.  **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

<br><br><br><br><br><br><br><br><br><br><br><br>

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

[ Print ]      [ Save ]                                          [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

---

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

LACIV 075 (new)
LASC Approved 04/11

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 2 of 2

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations<br><br> | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: *May 11, 2011*

*Carolyn B. Kuhl*

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

## Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a.  **The Civil Mediation Vendor Resource List**
    If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

    - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com
      (213) 683-1600
    - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
      (833) 476-9145

    **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

    **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b.  **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

    **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3.  **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4.  **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# EXHIBIT 3

Electronically Received 09/25/2023 12:00 AM

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>Ramin R. Younessi, Esq. (SBN 175020)<br>Law Offices of Ramin R. Younessi, A.P.L.C<br>3435 Wilshire Blvd., Suite 2200<br>Los Angeles, CA 90010<br>Tel.: (213) 480-6200<br>ATTORNEY FOR (Name): Plaintiff, Maria Martin | STATE BAR NUMBER | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>**09/26/2023**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ P. Salcido _____ Deputy |
|---|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF: Maria Martin

DEFENDANT: Fedex Ground Package System, Inc., et al.

| **AMENDMENT TO COMPLAINT**<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>23STCV20487 |
|---|---|

☐ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

☒ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME
FEDEX GROUND PACKAGE STYSTEM, INC., a Delaware corporation

and having discovered the true name of the defendant to be:

TRUE NAME
FEDEX GROUND PACKAGE SYSTEM INC., a Delaware corporation

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 09/21/2023 | Ramin R. Younessi, Esq. | |

**ORDER**

THE COURT ORDERS the amendment approved and filed.

€JꝹî ꝹꞭ
Dated

_____
Serena R. Murillo / Judge
Judicial Officer

**AMENDMENT TO COMPLAINT**
(Fictitious / Incorrect Name)

LASC LACIV 105 (Rev. 08/18)
For Optional Use

Code Civ. Proc., §§ 471.5,
472, 473, 474

# EXHIBIT 4

Shaun J. Voigt (SBN 265721)
    E-Mail:  svoigt@fisherphillips.com
Xiaochen Chen (SBN 347895)
    E-Mail:  xchen@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile:  (213) 330-4501

Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/26/2024 2:57 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Lopez, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| MARIA MARTIN, an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; SAMANTHA GREY, an individual; and DOES 1 through 20, inclusive,<br><br>                    Defendants. | CASE NO.:   23STCV20487<br>*[Unlimited Jurisdiction]*<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.**<br><br>*Assigned for all purposes to the Honorable Kerry Bensinger, Dept. 31*<br><br>Complaint Filed:  August 25, 2023<br>Trial Date:        Not Set Yet |

1

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.

FP 49421262.1

Defendant FEDEX GROUND PACKAGE SYSTEM, INC. ("FedEx Ground" or "Defendant") responds to Plaintiff MARIA MARTIN'S ("Plaintiff") unverified Complaint ("Complaint") as follows:

## ANSWER

Pursuant to California Code of Civil Procedure section 431.30, subdivision (d), FedEx Ground generally denies each and every allegation and cause of action in Plaintiff's Complaint. Furthermore, FedEx Ground denies that Plaintiff has suffered any injury, damage, or loss of any kind or in any sum whatsoever, by reason of any alleged act(s), breach(es), or omission(s) of FedEx Ground, its employees, agents or anyone else acting on its behalf.

## FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against FedEx Ground.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's Complaint, and each and every cause of action therein, is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's Complaint, and each and every cause of action therein, is barred by the exclusive remedy provisions of the Workers' Compensation Act pursuant to California Labor Code section 3601 et seq.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff is estopped by Plaintiff's conduct from recovering any relief sought in the Complaint, or in any purported cause of action alleged therein.

## FIFTH AFFIRMATIVE DEFENSE

5. By Plaintiff's conduct, Plaintiff has waived any right to recover any relief sought in the complaint, or in any purported cause of action alleged therein.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred by the doctrine of unclean hands.

2

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.

FP 49421262.1

### SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiff is guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by laches.

### EIGHTH AFFIRMATIVE DEFENSE

8.     The acts of the other named Defendant of which Plaintiff complains were all undertaken outside the scope of their agency and/or employment with FedEx Ground and without the knowledge or consent of FedEx Ground and FedEx Ground may not be held liable therefor.

### NINTH AFFIRMATIVE DEFENSE

9.     The acts and/or omissions of the unnamed "Doe" Defendants of which Plaintiff complains were all undertaken outside the scope of such FedEx Ground's agency and/or employment with FedEx Ground, and were undertaken without the knowledge or consent of FedEx Ground, and FedEx Ground may not be held liable for such acts and/or omissions.

### TENTH AFFIRMATIVE DEFENSE

10.     To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of FedEx Ground.

### ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies and/or internal grievance procedures.

### TWELFTH AFFIRMATIVE DEFENSE

12.     There existed legitimate, non-discriminatory, and non-retaliatory reasons for the alleged acts of FedEx Ground of which Plaintiff complains.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     The alleged acts of which Plaintiff complains were based on reasonable factors other than race, color, national origin, ancestry, sex, religion, creed, gender, marital status, age, sexual orientation, or any other prohibited factor.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     If it is found that FedEx Ground's actions were motivated by both

3

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.

FP 49421262.1

discriminatory/retaliatory reasons and non-discriminatory/non-retaliatory reasons, the non-discriminatory/non-retaliatory reasons would have induced it to make the same decision(s) and/or take the same personnel action(s). (*Harris v. City of Santa Monica* (2013) 56 Cal. 4th 203.).

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    Even if there was discrimination against Plaintiff (which FedEx Ground denies), Plaintiff would have been terminated anyway.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiff failed to cooperate in the process of reasonable accommodation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Plaintiff failed to cooperate in the interactive process.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    The action is barred because any reasonable accommodation that FedEx Ground could have provided to Plaintiff that would have enabled Plaintiff to perform Plaintiff's essential functions and duties would have resulted in an undue hardship to FedEx Ground.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    Certain potential accommodations were not readily achievable, feasible, and/or would result in an undue burden on FedEx Ground.

## TWENTIETH AFFIRMATIVE DEFENSE

20.    Plaintiff's claims are barred because Plaintiff's perception of conduct alleged to constitute harassment was not reasonable.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Plaintiff welcomed any conduct alleged to be harassing.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    FedEx Ground exercised reasonable care to prevent and promptly correct any allegedly harassing behavior.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by FedEx Ground or to avoid harm otherwise.

4

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.

FP 49421262.1

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24.     Plaintiff's claims are barred because the actions complained of were protected by the free speech provisions of the First Amendment to the United States Constitution.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25.     While FedEx Ground expressly denies that it or any employee under its supervision acted in any unlawful manner, if Plaintiff's rights were violated, such violation occurred outside the scope of Plaintiff's employment and without the consent of FedEx Ground. FedEx Ground neither knew of, nor had reason to know of, any such circumstance, and did not condone, ratify, or tolerate any such conduct, but instead prohibited such.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate Plaintiff's damages.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27.     Any recovery on Plaintiff's Complaint or any purported cause of action alleged therein, is barred in whole or in part by after-acquired evidence which independently justified Plaintiff's termination.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28.     Plaintiff is not entitled to equitable relief insofar as Plaintiff has an adequate remedy at law in that Plaintiff also requests monetary damages, interest and an award of attorneys' fees and costs.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29.     Plaintiff is not entitled to recover punitive or exemplary damages from FedEx Ground on the grounds that any award of punitive or exemplary damages would violate FedEx Ground's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

//

//

//

5

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.

FP 49421262.1

**RESERVATION OF RIGHTS**

FedEx Ground expressly reserves the right to amend its answer and to assert additional affirmative defenses, and to supplement, alter or change its answer and affirmative defenses upon revelation of more definitive facts by Plaintiff and upon FedEx Ground's undertaking of discovery and investigation of this matter. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

**WHEREFORE**, FedEx Ground prays as follows:

1.      That Plaintiff take nothing by Plaintiff's Complaint for damages;

2.      That Plaintiff's Complaint herein be dismissed in its entirety with prejudice;

3.      That FedEx Ground recover its costs of suit herein, including its reasonable attorneys' fees; and

4.      That the court award such other and further relief as it deems appropriate.

DATE:  January 26, 2024

FISHER & PHILLIPS LLP

By: _____
Shaun J. Voigt
Xiaochen Chen
Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

6

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.

FP 49421262.1

**PROOF OF SERVICE**
**(CCP § § 1013(a) and 2015.5)**

I, the undersigned, am at least 18 years old and not a party to this action.  I am employed in the County of Los Angeles with the law offices of Fisher & Phillips LLP and its business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On January 26, 2024, I served the following document(s) **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Ramin R. Younessi, Esq.                     *Attorneys for Plaintiff, MARIA*
Samvl Geshgian, Esq.                         *MARTIN*
Eduardo Balderas, Esq.
LAW OFFICES OF RAMIN R. YOUNESSI, APLC
3435 Wilshire Boulevard
Suite 2200
Los Angeles, California 90010
Tel: (213) 480-6200
Email: ryounessi@younessilaw.com
Email: SGeshgian@younessilaw.com
Email: ebalderas@younessilaw.com
Email: Bsalinas@younessilaw.com

☒       **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed January 26, 2024, at Los Angeles, California.

Jack Ingram                                      By: _____
_____Print Name_____                                      Signature

1
PROOF OF SERVICE

FP 49421262.1

# EXHIBIT 5

Ramin R. Younessi, Esq. (SBN 175020)
Samvel Geshgian, Esq. (SBN 300470)
Eduardo Balderas, Esq. (SBN 322589)
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorney for Plaintiff,
MARIA MARTIN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| MARIA MARTIN, an individual,<br><br>                    Plaintiff,<br><br>    v.<br><br>FEDEX GROUND PACKAGE STYSTEM, INC., a Delaware corporation; SAMANTHA GREY, an individual; and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No.: 23STCV20487<br><br>*Assigned to the Hon. Kerry Bensinger Dept. 31*<br><br>**NOTICE OF NOTICE OF CASE REASSIGNMENT AND CONTINUANCE OF HEARING DATES**<br><br>Action filed:   August 25, 2023<br>Trial date:     None Set Yet |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to the attached notice, effective November 6, 2023, the above-entitled action, previously assigned to Honorable Judge Serena R. Murillo, is now and shall be assigned to Honorable Judge Kerry Bensinger as an Individual Calendar, direct calendaring judge for all purposes, including trial, in Department 31. Further, the Order to Show Cause re: Failure to File Proof of Service is continued to January 18, 2024, at 9:00 a.m. in Department 31. Plaintiff is ordered to give notice of these orders. Copies of the Court's notices are attached hereto as **Exhibit 1**.

///

///

-1-
NOTICE OF NOTICE OF CASE REASSIGNMENT AND CONTINUANCE OF HEARING DATES

Respectfully submitted,

DATED:  November 9, 2023                    **LAW OFFICES OF RAMIN R. YOUNESSI**
                                           **A PROFESSIONAL LAW CORPORATION**

By: _____
    Ramin R. Younessi, Esq.
    Samvel Geshgian, Esq.
    Eduardo Balderas, Esq.
    Attorneys for Plaintiff,
    MARIA MARTIN

-2-
NOTICE OF NOTICE OF CASE REASSIGNMENT AND CONTINUANCE OF HEARING DATES

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3435 Wilshire Boulevard, Suite 2200, Los Angeles, California 90010.

On November 9, 2023, I served the documents described as **NOTICE OF NOTICE OF CASE REASSIGNMENT AND CONTINUANCE OF HEARING DATES** on the interested parties in this action as follows:

☒        By emailing true copies addressed to each addressee as follows:

Shaun J. Voigt                                    *Attorney for Defendant*
E-Mail: svoigt@fisherphillips.com    *FEDEX GROUND PACKAGE SYSTEM,*
**FISHER & PHILLIPS LLP**              *INC.*
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

☒        BY ELECTRONIC MAIL:  Pursuant to Code of Civil Procedure §§ 1010.6(a)(2), 1010.6(e), and 1013(g), and/or California Rules of Court 2.251(b)(1)-(2), I transmitted a copy of the aforementioned document to each addressee above to the email address(es) indicated.

Executed on November 9, 2023, at Los Angeles, California.

☒        STATE        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐        FEDERAL      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Brenda Salinas                                    *Brenda Salinas*

-3-

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |

| | |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/01/2023**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ P. Figueroa _____ Deputy |
| PLAINTIFF(S):<br>Maria Martin | |
| DEFENDANT(S):<br>FEDEX GROUND PACKAGE SYSTEM, INC., et al. | |

| | |
|---|---|
| **NOTICE OF CASE REASSIGNMENT AND ORDER FOR**<br>**PLAINTIFF TO GIVE NOTICE (Dates Remain)** | CASE NUMBER:<br>23STCV20487 |

TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD OR PLAINTIFF(S) IN PROPRIA PERSONA:

You are hereby notified that effective 11/06/2023 , an order was made that the above-entitled action, previously assigned to Serena R. Murillo ,
is now and shall be assigned to Kerry Bensinger
as an Individual Calendar (IC), direct calendaring judge for all purposes, including trial, in department 31 at Stanley Mosk Courthouse .
(See Chapter 3, Los Angeles Court Rules) All matters on calendar in this case will remain set on the dates previously noticed, in the department indicated above unless otherwise ordered by the court.

Notice is further given that plaintiff in propria persona or counsel for the plaintiff is ordered to give notice of this all-purpose case assignment by serving a copy of the notice on all parties to this action within 10 days of service of this notice by the court, and file proof of service thereof within 12 days of this notice. Failure to timely give notice and file proof of service may lead to imposition of sanctions pursuant to Code of Civil Procedure section 177.5 or otherwise.

David W. Slayton, Executive Officer / Clerk of Court

Dated: 11/01/2023

By P. Figueroa
Deputy Clerk

**NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE**
**(Dates Remain)**

(Proposed LACIV 252)
LASC Approved 00-00

Local Rules Chapter 3

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 31

**23STCV20487**                                                  October 23, 2023
**MARIA MARTIN vs FEDEX GROUND PACKAGE**                              3:23 PM
**STYSTEM, INC., et al.**

Judge: Honorable Serena R. Murillo                CSR: None
Judicial Assistant: N DiGiambattista              ERM: None
Courtroom Assistant: J Young                      Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Non-Appearance Case Review

The court having received the Notice of Removal to Federal Court filed by defendant Fedex:

Order to Show Cause Re: Failure to File Proof of Service is continued to 1/18/24 at 09:00 AM in Department 31 at Stanley Mosk Courthouse.

Minute Order                                                Page 1 of 1

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| Shaun J. Voigt (SBN 265721), Xiaochen Chen, SBN 347895 <br> Fisher & Phillips LLP <br> 444 S. Flower St., Suite 1500 <br> Los Angeles, CA 90071 <br><br> TELEPHONE NO.: (213) 330-4500    FAX NO. *(Optional):* (213) 330-4501 <br> E-MAIL ADDRESS: svoigt@fisherphillips.com <br> ATTORNEY FOR *(Name):* Defendant Fedex Ground Package System, Inc. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

PLAINTIFF/PETITIONER: Maria Martin

DEFENDANT/RESPONDENT: Fedex Ground Package Sysstem Inc., et. al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  ☒ **UNLIMITED CASE** ☐ **LIMITED CASE** <br> (Amount demanded    (Amount demanded is $25,000 <br> exceeds $25,000)    or less) | 23STCV20487 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: January 18, 2024    Time: 9:00 a.m.    Dept.: 31    Div.:    Room:

Address of court *(if different from the address above):*

☒    **Notice of Intent to Appear by Telephone, by *(name):*** Xiaochen Chen

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒  This statement is submitted by party *(name):*  Defendant Fedex Ground Package System, Inc.
   b. ☐  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*  August 25, 2023
   b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not):*

      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐  have had a default entered against them *(specify names):*

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  ☒ complaint  ☐ cross-complaint  *(Describe, including causes of action):* (1) Age/Disability Discrimination; (2) Harassment; (3) Retaliation; (4) Failure to Prevent Discrimination and Retaliation; (5) Failure to Provide Reasonable Accommodations; (6) Failure to Engage in Good Faith Interactive Process; (7) Declaratory Judgment; (8) Wrongful Termination in Violation of Public Policy.

**Page 1 of 5**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, <br> rules 3.720–3.730 <br> *www.courts.ca.gov* |

FP 49195385.1

CM-110

| PLAINTIFF/PETITIONER: Maria Martin | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Fedex Ground Package System Inc., et. al. | 23STCV20487 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff alleges that she was harassed, discriminated and retaliated against due to Plaintiff's age and actual/perceived disability. Plaintiff further alleges that Defendant failed to provide reasaonble accommodations and engage in good faith interactive process, and that Platiniff was wrongfully terminated. Defendant denies these allegations.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request ☐ a jury trial    ☒ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐  The trial has been set for *(date):*

b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

d.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):* Trials: 2/2/24; 2/13/24; 3/4/24; 3/11/24; 5/6/24; 5/20/24; 6/7/24; 7/8/24; 7/22/24; 9/30/24; 2/24/25; Arbitrations: 2/5/24; 5/13/24; 5/14/24; 6/10/24; 8/12/24; 9/10/24; 9/16/24; 3/28/24-4/15/24.

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.  ☒  days *(specify number):* 5-7 days

b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:        f.  Fax number:

e.  E-mail address:        g.  Party represented:

☐  Additional representation is described in Attachment 8.

9.  **Preference**

☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel   ☒ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party   ☐ has   ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| PLAINTIFF/PETITIONER: Maria Martin | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Fedex Ground Package System Inc., et. al. | 23STCV20487 |

10. c.   Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Maria Martin<br>DEFENDANT/RESPONDENT: Fedex Ground Package System Inc., et. al. | CASE NUMBER:<br>23STCV20487 |

11. **Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

13. **Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:
(2) Name of court:
(3) Case number:
(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

16. **Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | Written Discovery | Per Code |
| Defendant | Depositions | Per Code |
| Defendant | Expert Discovery | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

---

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: Maria Martin | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Fedex Ground Package System Inc., et. al. | 23STCV20487 |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: January 3, 2024

| Shaun J. Voigt | ▶ | |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |

| | ▶ | |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

**PROOF OF SERVICE**
**(CCP §§1013(a) and 2015.5)**

I, the undersigned, am at least 18 years old and not a party to this action.  I am employed in the County of Los Angeles with the law offices of Fisher & Phillips LLP and its business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On January 3, 2024, I served the following document(s)  **DEFENDANT'S CASE MANAGEMENT STATEMENT;** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Ramin R. Younessi, Esq. | Attorneys for Plaintiff, MARIA MARTIN |
| Samvl Geshgian, Esq. | |
| Eduardo Balderas, Esq. | Tel: (213) 480-6200 |
| **LAW OFFICES OF RAMIN R. YOUNESSI, APLC** | Email: ryounessi@younessilaw.com |
| | Email: SGeshgian@younessilaw.com |
| 3435 Wilshire Boulevard, Suite 2200 | Email: ebalderas@younessilaw.com |
| Los Angeles, California 90010 | Email: Bsalinas@younessilaw.com |

☒     **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Los Angeles California, in a sealed envelope with postage fully prepaid.

☐     **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☐     **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

☐     **[by PERSONAL SERVICE]** - I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by messenger – a copy of the Messenger Declaration is attached.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed January 3, 2024, at Los Angeles, California.

| | |
|---|---|
| Karla Gonzalez | By: |
| Print Name | Signature |

1
PROOF OF SERVICE

FP 48498183.1

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|
| Ramin R. Younessi (SBN 175020) Eduardo Balderas, Esq. (SBN 322589) | |

Law Offices of Ramin R. Younessi, A.P.L.C.

3435 Wilshire Boulevard, Suite 2200, Los Angeles, CA  90010

TELEPHONE NO.: (213) 480-6200          FAX NO. *(Optional)*: (213) 480-6201

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*: Plaintiff, Maria Martin

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles

STREET ADDRESS: 111 N. Hill Street

MAILING ADDRESS: same as above

CITY AND ZIP CODE: Los Angeles, CA  90012

BRANCH NAME: Central District

PLAINTIFF/PETITIONER: Plaintiff,  Maria Martin

DEFENDANT/RESPONDENT: Defendant, Fedex Ground Package System, Inc.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*   [✔] **UNLIMITED CASE** (Amount demanded exceeds $25,000)     [ ] **LIMITED CASE** (Amount demanded is $25,000 or less) | 23STCV20487 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: January 18, 2024          Time: 9:00 a.m.          Dept.: 31          Div.:          Room:

Address of court *(if different from the address above)*:

[ ]   **Notice of Intent to Appear by Telephone,  by** *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. [✔]   This statement is submitted by party *(name)*:  Plaintiff,  Maria Martin
   b. [ ]   This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.   The complaint was filed on *(date)*:  August 25, 2023
   b. [ ]   The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ]   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [✔]   The following parties named in the complaint or cross-complaint
      (1) [✔]   have not been served *(specify names and explain why not)*:
            Samantha Grey. Counsel for Defendant FedEx will advise if he will represent Samantha Grey.
      (2) [ ]   have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) [ ]   have had a default entered against them *(specify names)*:

   c. [ ]   The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a.   Type of case in   [✔] complaint     [ ] cross-complaint     *(Describe, including causes of action)*:
        see attachment 4a.

**Page 1 of 5**

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, rules 3.720–3.730 www.courts.ca.gov |
|---|---|---|

**CM-110**

| PLAINTIFF/PETITIONER: Plaintiff, Maria Martin | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Defendant, Fedex Ground Package System, Inc. | 23STCV20487 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

This is a single Plaintiff disability, age discrimination, retaliation, harassment, and wrongful termination case against an entity defendant and an individual defendant. Plaintiff seeks damages in an amount according to proof plus attorney's fees, pre-judgment interest and costs pursuant to the FEHA.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request   ☑ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐ The trial has been set for *(date):*

b.  ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
Week of January 29, 2024 (Trial) week of February 26, 2024 (Trial) week of April 2, 2024 (trial) week of April 20, 2024 (trial) week of May 6, 2024 (Trial) week of May 13, 2024 (trial) week of June 4, 2024 (trial)

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.  ☑ days *(specify number):* 7-10 days

b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☑ by the following:

a.  Attorney: Eduardo Balderas, Esq.

b.  Firm:  Law Offices of Ramin R. Younessi, A.P.L.C.

c.  Address:  3435 Wilshire Boulevard, Suite 2200, Los Angeles, CA  90010

d.  Telephone number: (213) 480-6200          f.  Fax number: (213) 480-6201

e.  E-mail address: ebalderas@younessilaw.com     g.  Party represented: Plaintiff, Maria Martin

☐  Additional representation is described in Attachment 8.

9.  **Preference**

☐  This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel   ☑ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has  ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☑  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
Amount in controversy exceeds statutory limit

| CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | **Page 2 of 5** |
|---|---|---|

CM-110

| PLAINTIFF/PETITIONER: Plaintiff, Maria Martin | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Defendant, Fedex Ground Package System, Inc. | 23STCV20487 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110 [Rev. July 1, 2011]      **CASE MANAGEMENT STATEMENT**     

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER:  Plaintiff,  Maria Martin | CASE NUMBER:<br>23STCV20487 |
| DEFENDANT/RESPONDENT:  Defendant, Fedex Ground Package System, Inc. | |

**11. Insurance**
 a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
 b. Reservation of rights: ☐ Yes ☐ No
 c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
 Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
 ☐ Bankruptcy ☐ Other *(specify):*
 Status:

**13. Related cases, consolidation, and coordination**
 a. ☐ There are companion, underlying, or related cases.
   (1) Name of case:
   (2) Name of court:
   (3) Case number:
   (4) Status:
   ☐ Additional cases are described in Attachment 13a.
 b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
 ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
 ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
 a. ☐ The party or parties have completed all discovery.
 b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written discovery | Per Code |
| Plaintiff | Party depositions | Per Code |
| Plaintiff | Third Party Depositions | Per Code |

 c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

| | | |
|---|---|---|
| CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | **Page 4 of 5** |

**CM-110**

| PLAINTIFF/PETITIONER: | Plaintiff, Maria Martin | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Defendant, Fedex Ground Package System, Inc. | 23STCV20487 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

Plaintiff's counsel and counsel for Defendant FedEx have met and conferred. Counsel for Defendant FedEx will advise if he will also represent the individual Defendant Samantha Grey in this matter.

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____1_____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: January 3, 2024

Eduardo Balderas, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]      **CASE MANAGEMENT STATEMENT**      **Page 5 of 5**

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Maria Martin v. FedEx Ground Package System, Inc, et al. | 23STCV20487 |

**ATTACHMENT** *(Number):* 4a

*(This Attachment may be used with any Judicial Council form.)*

Attachment 4a

1. DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;

2. HARASSMENT IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;

3. RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;

4. FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);

5. FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;

6. FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;

7. FOR DECLARATORY JUDGMENT

8. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page ___6___ of ___6___

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

## **PROOF OF SERVICE**

### **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3435 Wilshire Boulevard, Suite 2200, Los Angeles, California 90010.

On January 3, 2024 I served the documents described as **CASE MANAGEMENT CONFERENCE STATEMENT** on the interested parties in this action as follows:

☒    By emailing true copies addressed to each addressee as follows:

Shaun J. Voigt                                             *Attorney for Defendant*
E-Mail: svoigt@fisherphillips.com          *FEDEX GROUND PACKAGE SYSTEM, INC.*
**FISHER & PHILLIPS LLP**
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

☒    BY ELECTRONIC MAIL:  Pursuant to Code of Civil Procedure §§ 1010.6(a)(2), 1010.6(e), and 1013(g), and/or California Rules of Court 2.251(b)(1)-(2), I transmitted a copy of the aforementioned document to each addressee above to the email address(es) indicated.

Executed on January 3, 2024, at Los Angeles, California.

☒    STATE          I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐    FEDERAL       I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____                    *Brenda Salinas*
  Brenda Salinas                              _____

PROOF OF SERVICE

Ramin R. Younessi, Esq. (SBN 175020)
Samvel Geshgian, Esq. (SBN 300470)
Eduardo Balderas, Esq. (SBN 322589)
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorney for Plaintiff,
MARIA MARTIN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA,

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| MARIA MARTIN, an individual, | Case No.: 23STCV20487 |
| Plaintiff, | *Assigned to the Hon. Kerry Bensinger Dept. 31* |
| v. | **NOTICE OF PLAINTIFF'S JURY FEE DEPOSIT** |
| FEDEX GROUND PACKAGE STYSTEM, INC., a Delaware corporation; SAMANTHA GREY, an individual; and DOES 1 through 20, inclusive, | Action filed:  August 25, 2023<br>Trial date:    None Set Yet |
| Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Maria Martin, deposited jury fees in the amount of $150.00 with the above-entitled court in the above-captioned action pursuant to California Code of Civil Procedure §631, et seq.

DATED: January 3, 2024

LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION

By: _Eduardo Balderas_ _____
Ramin R. Younessi, Esq.
Samvel Geshgian, Esq.
Eduardo Balderas, Esq.
Attorneys for Plaintiff,
MARIA MARTIN

-1-

NOTICE OF PLAINTIFF'S JURY FEE DEPOSIT

## **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3435 Wilshire Boulevard, Suite 2200, Los Angeles, California 90010.

On January 3, 2024, I served the foregoing document described as **NOTICE OF PLAINTIFF'S JURY FEE DEPOSIT** on the interested parties in this action as follows:

☒        By emailing true copies addressed to each addressee as follows:

Shaun J. Voigt                                        *Attorney for Defendant*
E-Mail: svoigt@fisherphillips.com          *FEDEX GROUND PACKAGE SYSTEM,*
**FISHER & PHILLIPS LLP**                    *INC.*
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

☒        BY ELECTRONIC MAIL:  Pursuant to Code of Civil Procedure §§ 1010.6(a)(2), 1010.6(e), and 1013(g), and/or California Rules of Court 2.251(b)(1)-(2), I transmitted a copy of the aforementioned document to each addressee above to the email address(es) indicated.

Executed on January 3, 2024, at Los Angeles, California.

☒        STATE         I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐        FEDERAL      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Brenda Salinas                                       *Brenda Salinas*

-2-

NOTICE OF PLAINTIFF'S JURY FEE DEPOSIT

Ramin R. Younessi, Esq. (SBN 175020)
Samvel Geshgian, Esq. (SBN 300470)
Eduardo Balderas, Esq. (SBN 322589)
Gourgen Babayan, Esq. (SBN 314499)
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorney for Plaintiff,
MARIA MARTIN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA,

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| MARIA MARTIN, an individual, | Case No.: 23STCV20487 |
| Plaintiff, | *Assigned to the Hon. Kerry Bensinger Dept. 31* |
| v. | **NOTICE OF RULING** |
| FEDEX GROUND PACKAGE STYSTEM, INC., a Delaware corporation; SAMANTHA GREY, an individual; and DOES 1 through 20, inclusive, | Action filed:  August 25, 2023<br>Trial date:     None Set Yet |
| Defendants. | |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that a Case Management Conference came on for hearing in Department 31 of the above-entitled Court on January 19, 2024, the Honorable Kerry Bensinger presiding.  Plaintiff appeared by and through Plaintiff's counsel of record, Law Offices of Ramin R. Younessi, Gourgen Babayan. Defendant appeared through and by Defendant's counsel of record, Xiaochen Chen. Attached as **Exhibit 1** is a true and correct copy of the court's minute order.

/ / /

/ / /

/ / /

-1-
NOTICE OF RULING

DATED: February 5, 2024

LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION

By: _____
Ramin R. Younessi, Esq.
Samvel Geshgian, Esq.
Eduardo Balderas, Esq.
Gourgen Babayan, Esq.
Attorneys for Plaintiff,
MARIA MARTIN

-2-

NOTICE OF RULING

**EXHIBIT 1**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 31

**23STCV20487**                                                          January 18, 2024
**MARIA MARTIN vs FEDEX GROUND PACKAGE**                                    9:00 AM
**STYSTEM, INC., et al.**

Judge: Honorable Kerry Bensinger          CSR: None
Judicial Assistant: S. Taylor             ERM: None
Courtroom Assistant: J. Young             Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Gourgen Babayan for Ramin Ray Younessi (Telephonic)

For Defendant(s): Xiaochen Chen for FEDEX GROUND PACKAGE SYSTEM, INC.

(Telephonic)

**NATURE OF PROCEEDINGS:** Case Management Conference (note: case has been remanded to state court); Order to Show Cause Re: Failure to File Proof of Service as to deft Grey

The matter is called for hearing.

Counsel for Defendant represents to the court that an answer will be filed soon.

The Court sets the following hearing date:

Pursuant to oral stipulation, the Case Management Conference (note: case has been remanded to state court) scheduled for 01/18/2024, and Order to Show Cause Re: Failure to File Proof of Service as to deft Grey scheduled for 01/18/2024 are continued to 03/20/2024 at 09:00 AM in Department 31 at Stanley Mosk Courthouse.

Counsel for Plaintiff to give notice.

---

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3435 Wilshire Boulevard, Suite 2200, Los Angeles, California 90010.

On  February 5, 2024, I served the foregoing document described as **NOTICE OF RULING** on the interested parties in this action as follows:

☒        By emailing true copies addressed to each addressee as follows:

Shaun J. Voigt                                    *Attorney for Defendant*
E-Mail: svoigt@fisherphillips.com    *FEDEX GROUND PACKAGE*
**FISHER & PHILLIPS LLP**            *SYSTEM, INC.*
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

☒        BY ELECTRONIC MAIL:  Pursuant to Code of Civil Procedure §§ 1010.6(a)(2), 1010.6(e), and 1013(g), and/or California Rules of Court 2.251(b)(1)-(2), I transmitted a copy of the aforementioned document to each addressee above to the email address(es) indicated

Executed on  February 5, 2024, at Los Angeles, California.

☒        STATE        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
☐        FEDERAL     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

*Brenda Salinas*

Brenda Salinas

-3-

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY:                    STATE BAR NO:

NAME:  Ramin R. Younessi, Esq. (175020) Eduardo Balderas, Esq. (SBN 322589)

FIRM NAME: LAW OFFICES OF RAMIN R. YOUNESSI, A.P.L.C.

STREET ADDRESS: 3435 Wilshire Boulevard, Suite 2200

CITY: Los Angeles          STATE: CA      ZIP CODE: 90010

TELEPHONE NO.: (213) 480-6200      FAX NO. : (213) 480-6201

E-MAIL ADDRESS:

ATTORNEY FOR (Name):  Plaintiff, Maria Martin

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES

STREET ADDRESS:  111. N. Hill Street

MAILING ADDRESS:  same as above

CITY AND ZIP CODE:   Los Angeles 90012

BRANCH NAME:  Central District

Plaintiff/Petitioner:  Maria Martin

Defendant/Respondent:   FedEx Ground Package System, Inc, et al.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>23STCV20487 |
|---|---|

TO (insert name of party being served):  SAMANTHA GREY, an individual

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: February 6, 2024

Eduardo Balderas
(TYPE OR PRINT NAME)                    ► _(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)_

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of **(to be completed by sender before mailing):**

1.  [✔]  A copy of the summons and of the complaint.
2.  [✔]  Other (specify):
    Summons, complaint, civil case cover sheet, and civil case cover sheet addendum

**(To be completed by recipient):**

Date this form is signed:  February 23, 2024

Shaun J. Voigt, Esq. on behalf of Def. Samantha Grey
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)               ►  _(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF_
                                                        _ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)_

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

# EXHIBIT 6

DISC-002

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Ramin R. Younessi, Esq. (175020), Samvel Geshgian, Esq. (300470) Eduardo Balderas, Esq. (322589)
Law Offices of Ramin R. Younessi, A.P.L.C.
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
TELEPHONE NO.: (213) 480-6200          FAX NO. *(Optional):* (213) 480-6201
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff, Maria Martin

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
111 N HILL STREET
LOS ANGELES, CA 90012

SHORT TITLE:
Maria Martin v. FedEx Ground Package System, Inc, et al.

| **FORM INTERROGATORIES – EMPLOYMENT LAW** | CASE NUMBER: |
|---|---|
| **Asking Party:** Plaintiff, Maria Martin<br>**Answering Party:** Defendant, Fedex Ground Package System, Inc.<br>**Set No.:** One (1) | 23STCV20487 |

**Sec. 1. Instructions to All Parties**

(a) Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in employment cases.

(b) For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c) These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

**Sec. 2. Instructions to the Asking Party**

(a) These form interrogatories are designed for optional use by parties in employment cases. (Separate sets of interrogatories, *Form Interrogatories—General* (form DISC-001) and *Form Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004) may also be used where applicable in employment cases.)

(b) Insert the names of the **EMPLOYEE** and **EMPLOYER** to whom these interrogatories apply in the definitions in sections 4(d) and (e) below.

(c) Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(d) The interrogatories in section 211.0, Loss of Income Interrogatories to Employer, should not be used until the employer has had a reasonable opportunity to conduct an investigation or discovery of the employee's injuries and damages.

(e) Additional interrogatories may be attached.

**Sec. 3. Instructions to the Answering Party**

(a) You must answer or provide another appropriate response to each interrogatory that has been checked below.

(b) As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c) Each answer must be as complete and straightforward as the information reasonably available to you permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d) If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e) Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f) Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g) If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h) Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____        _____
(DATE)                                    (SIGNATURE)

**Sec. 4. Definitions**

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

Page 1 of 8

Form Approved for Optional Use
Judicial Council of California
DISC-002 [Rev. January 1, 2009]

**FORM INTERROGATORIES–EMPLOYMENT LAW**

Code of Civil Procedure,
§§ 2030.010–2030.410, 2033.710
*www.courtinfo.ca.gov*

(b) **YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(c) **EMPLOYMENT** means a relationship in which an **EMPLOYEE** provides services requested by or on behalf of an **EMPLOYER**, other than an independent contractor relationship.

(d) **EMPLOYEE** means a **PERSON** who provides services in an **EMPLOYMENT** relationship and who is a party to this lawsuit. For purposes of these interrogatories, **EMPLOYEE** refers to *(insert name):*

Plaintiff

*(If no name is inserted, **EMPLOYEE** means all such PERSONS.)*

(e) **EMPLOYER** means a **PERSON** who employs an **EMPLOYEE** to provide services in an **EMPLOYMENT** relationship and who is a party to this lawsuit. For purposes of these interrogatories, **EMPLOYER** refers to *(insert name):*

responding party

*(If no name is inserted, **EMPLOYER** means all such PERSONS.)*

(f) **ADVERSE EMPLOYMENT ACTION** means any **TERMINATION**, suspension, demotion, reprimand, loss of pay, failure or refusal to hire, failure or refusal to promote, or other action or failure to act that adversely affects the **EMPLOYEE'S** rights or interests and which is alleged in the **PLEADINGS**.

(g) **TERMINATION** means the actual or constructive termination of employment and includes a discharge, firing, layoff, resignation, or completion of the term of the employment agreement.

(h) **PUBLISH** means to communicate orally or in writing to anyone other than the plaintiff. This includes communications by one of the defendant's employees to others. *(Kelly v. General Telephone Co.* (1982) 136 Cal.App.3d 278, 284.)

(i) **PLEADINGS** means the original or most recent amended version of any complaint, answer, cross-complaint, or answer to cross-complaint.

(j) **BENEFIT** means any benefit from an **EMPLOYER,** including an "employee welfare benefit plan" or employee pension benefit plan" within the meaning of Title 29 United States Code section 1002(1) or (2) or ERISA.

(k) **HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

(l) **DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(m) **ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**

The following interrogatories for employment law cases have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

CONTENTS

200.0   Contract Formation
201.0   Adverse Employment Action
202.0   Discrimination Interrogatories to Employee
203.0   Harassment Interrogatories to Employee
204.0   Disability Discrimination
205.0   Discharge in Violation of Public Policy
206.0   Defamation
207.0   Internal Complaints
208.0   Governmental Complaints
209.0   Other Employment Claims by Employee or Against Employer
210.0   Loss of income Interrogatories to Employee
211.0   Loss of income Interrogatories to Employer
212.0   Physical, Mental, or Emotional Injuries—Interrogatories to Employee
213.0   Other Damages Interrogatories to Employee
214.0   Insurance
215.0   Investigation
216.0   Denials and Special or Affirmative Defenses
217.0   Response to Request for Admissions

**200.0   Contract Formation**

☑ 200.1  Do you contend that the **EMPLOYMENT** relationship was at "at will"? If so:
  (a)   state all facts upon which you base this contention;
  (b)   state the name, **ADDRESS,** and telephone number of each **PERSON** who has knowledge of those facts; and
  (c)   identify all **DOCUMENTS** that support your contention.

☑ 200.2  Do you contend that the **EMPLOYMENT** relationship was not "at will"? If so:
  (a)   state all facts upon which you base this contention;
  (b)   state the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of those facts; and
  (c)   identify all **DOCUMENTS** that support your contention.

☑ 200.3  Do you contend that the **EMPLOYMENT** relationship was governed by any agreement—written, oral, or implied? If so:
  (a)   state all facts upon which you base this contention;
  (b)   state the name, **ADDRESS,** and telephone number of each **PERSON** who has knowledge of those facts; and
  (c)   identify all **DOCUMENTS** that support your contention.

DISC-002

☑ 200.4  Was any part of the parties' **EMPLOYMENT** relationship governed in whole or in part by any written rules, guidelines, policies, or procedures established by the **EMPLOYER**? If so, for each **DOCUMENT** containing the written rules, guidelines, policies, or procedures:

(a)     state the date and title of the **DOCUMENT** and a general description of its contents;

(b)     state the manner in which the **DOCUMENT** was communicated to employees; and

(c)     state the manner, if any, in which employees acknowledged either receipt of the **DOCUMENT** or knowledge of its contents.

☑ 200.5  Was any part of the parties' **EMPLOYMENT** relationship covered by one or more collective bargaining agreements or memorandums of understanding between the **EMPLOYER** (or an association of employers) and any labor union or employee association? If so, for each collective bargaining agreement or memorandum of understanding, state:

(a)     the names and **ADDRESSES** of the parties to the collective bargaining agreement or memorandum of understanding;

(b)     the beginning and ending dates, if applicable, of the collective bargaining agreement or memorandum of understanding; and

(c)     which parts of the collective bargaining agreement or memorandum of understanding, if any, govern (1) any dispute or claim referred to in the **PLEADINGS** and (2) the rules or procedures for resolving any dispute or claim referred to in the **PLEADINGS**.

☑ 200.6  Do you contend that the **EMPLOYEE** and the **EMPLOYER** were in a business relationship other than an **EMPLOYMENT** relationship? If so, for each relationship:

(a)     state the names of the parties to the relationship;

(b)     identify the relationship; and

(c)     state all facts upon which you base your contention that the parties were in a relationship other than an **EMPLOYMENT** relationship.

**201.0  Adverse Employment Action**

☑ 201.1  Was the **EMPLOYEE** involved in a **TERMINATION**? If so:

(a)     state all reasons for the **EMPLOYEE'S TERMINATION**;

(b)     state the name, **ADDRESS**, and telephone number of each **PERSON** who participated in the **TERMINATION** decision;

(c)     state the name, **ADDRESS**, and telephone number of each **PERSON** who provided any information relied upon in the **TERMINATION** decision; and

(d)     identify all **DOCUMENTS** relied upon in the **TERMINATION** decision.

☑ 201.2  Are there any facts that would support the **EMPLOYEE'S TERMINATION** that were first discovered after the **TERMINATION**? If so:

(a)     state the specific facts;

(b)     state when and how **EMPLOYER** first learned of each specific fact;

(c)     state the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of the specific facts; and

(d)     identify all **DOCUMENTS** that evidence these specific facts.

☑ 201.3  Were there any other **ADVERSE EMPLOYMENT ACTIONS,** including (the asking party should list the **ADVERSE EMPLOYMENT ACTIONS**):

Responding party's failure to engage in the good faith interactive process with Plaintiff and failure to accommodate Plaintiff's disability; retaliation

If so, for each action, provide the following:
(a)     all reasons for each **ADVERSE EMPLOYMENT ACTION**;

(b)     the name, **ADDRESS**, and telephone number of each **PERSON** who participated in making each **ADVERSE EMPLOYMENT ACTION** decision;

(c)     the name, **ADDRESS,** and telephone number of each **PERSON** who provided any information relied upon in making each **ADVERSE EMPLOYMENT ACTION** decision; and

(d)     the identity of all **DOCUMENTS** relied upon in making each **ADVERSE EMPLOYMENT ACTION** decision.

☑ 201.4  Was the **TERMINATION** or any other **ADVERSE EMPLOYMENT ACTIONS** referred to in Interrogatories 201.1 through 201.3 based in whole or in part on the **EMPLOYEE'S** job performance? If so, for each action:

(a)     identify the **ADVERSE EMPLOYMENT ACTION**;

(b)     identify the **EMPLOYEE'S** specific job performance that played a role in that **ADVERSE EMPLOYMENT ACTION**;

(c)     identify any rules, guidelines, policies, or procedures that were used to evaluate the **EMPLOYEE'S** specific job performance;

(d)     state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who had responsibility for evaluating the specific job performance of the **EMPLOYEE**;

(e)     state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the EMPLOYEE'S specific job performance that played a role in that **ADVERSE EMPLOYMENT ACTION**; and

(f)     describe all warnings given with respect to the **EMPLOYEE'S** specific job performance.

DISC-002

✔ 201.5  Was any **PERSON** hired to replace the **EMPLOYEE** after the **EMPLOYEE'S TERMINATION** or demotion? If so, state the **PERSON'S** name, job title, qualifications, **ADDRESS** and telephone number, and the date the **PERSON** was hired.

✔ 201.6  Has any **PERSON** performed any of the **EMPLOYEE'S** former job duties after the **EMPLOYEE'S TERMINATION** or demotion? If so:

(a)     state the **PERSON'S** name, job title, **ADDRESS,** and telephone number;

(b)     identify the duties; and

(c)     state the date on which the **PERSON** started to perform the duties.

☐ 201.7  If the **ADVERSE EMPLOYMENT ACTION** involved the failure or refusal to select the **EMPLOYEE** (for example, for hire, promotion, transfer, or training), was any other **PERSON** selected instead? If so, for each **ADVERSE EMPLOYMENT ACTION,** state the name, **ADDRESS**, and telephone number of each **PERSON** selected; the date the **PERSON** was selected; and the reason the **PERSON** was selected instead of the **EMPLOYEE**.

**202.0    Discrimination—Interrogatories to Employee**

☐ 202.1   Do you contend that any **ADVERSE EMPLOYMENT ACTIONS** against you were discriminatory? If so:

(a)     identify each **ADVERSE EMPLOYMENT ACTION** that involved unlawful discrimination;

(b)     identify each characteristic (for example, gender, race, age, etc.) on which you base your claim or claims of discrimination;

(c)     state all facts upon which you base each claim of discrimination;

(d)     state the name, **ADDRESS**, and telephone number of each **PERSON** with knowledge of those facts; and

(e)     identify all **DOCUMENTS** evidencing those facts.

☐ 202.2  State all facts upon which you base your contention that you were qualified to perform any job which you contend was denied to you on account of unlawful discrimination.

**203.0    Harassment—Interrogatories to Employee**

☐ 203.1   Do you contend that you were unlawfully harassed in your employment? If so:

(a)     state the name, **ADDRESS,** telephone number, and employment position of each **PERSON** whom you contend harassed you;

(b)     for each **PERSON** whom you contend harassed you, describe the harassment;

(c)     identify each characteristic (for example, gender, race, age, etc.) on which you base your claim of harassment;

(d)     state all facts upon which you base your contention that you were unlawfully harassed;

(e)     state the name, **ADDRESS**, and telephone number of each **PERSON** with knowledge of those facts; and

(f)     identify all **DOCUMENTS** evidencing those facts.

**204.0    Disability Discrimination**

☐ 204.1  Name and describe each disability alleged in the **PLEADINGS**.

☐ 204.2  Does the **EMPLOYEE** allege any injury or illness that arose out of or in the course of **EMPLOYMENT**? If so, state:

(a)     the nature of such injury or illness;

(b)     how such injury or illness occurred;

(c)     the date on which such injury or illness occurred;

(d)     whether **EMPLOYEE** has filed a workers' compensation claim. If so, state the date and outcome of the claim; and

(e)     whether **EMPLOYEE** has filed or applied for disability benefits of any type. If so, state the date, identify the nature of the benefits applied for, and the outcome of any such application.

✔ 204.3  Were there any communications between the **EMPLOYEE** (or the **EMPLOYEE'S HEALTH CARE PROVIDER)** and the **EMPLOYER** about the type or extent of any disability of **EMPLOYEE**? If so:

(a)     state the name, **ADDRESS**, and telephone number of each person who made or received the communications;

(b)     state the name, **ADDRESS**, and telephone number of each **PERSON** who witnessed the communications;

(c)     describe the date and substance of the communications; and

(d)     identify each **DOCUMENT** that refers to the communications.

✔ 204.4   Did the **EMPLOYER** have any information about the type, existence, or extent of any disability of **EMPLOYEE** other than from communications with the **EMPLOYEE** or the **EMPLOYEE'S HEALTH CARE PROVIDER**? If so, state the sources and substance of that information and the name, **ADDRESS,** and telephone number of each **PERSON** who provided or received the information.

✔ 204.5   Did the **EMPLOYEE** need any accommodation to perform any function of the **EMPLOYEE'S** job position or need a transfer to another position as an accommodation? If so, describe the accommodations needed.

DISC-002

✔ 204.6  Were there any communications between the **EMPLOYEE** (or the **EMPLOYEE'S HEALTH CARE PROVIDER**) and the **EMPLOYER** about any possible accommodation of **EMPLOYEE**? If so, for each communication:

(a)  state the name, **ADDRESS**, and telephone number of each **PERSON** who made or received the communication;

(b)  state the name, **ADDRESS**, and telephone number of each **PERSON** who witnessed the communication;

(c)  describe the date and substance of the communication; and

(d)  identify each **DOCUMENT** that refers to the communication.

✔ 204.7  What did the **EMPLOYER** consider doing to accommodate the **EMPLOYEE**? For each accommodation considered:

(a)  describe the accommodation considered;

(b)  state whether the accommodation was offered to the **EMPLOYEE**;

(c)  state the **EMPLOYEE'S** response; or

(d)  if the accommodation was not offered, state all the reasons why this decision was made;

(e)  state the name, **ADDRESS**, and telephone number of each **PERSON** who on behalf of **EMPLOYER** made any decision about what accommodations, if any, to make for the **EMPLOYEE**; and

(f)  state the name, **ADDRESS**, and telephone number of **each PERSON** who on behalf of the **EMPLOYER** made or received any communications about what accommodations, if any, to make for the **EMPLOYEE**.

### 205.0   Discharge in Violation of Public Policy

☐ 205.1  Do you contend that the **EMPLOYER** took any **ADVERSE EMPLOYMENT ACTION** against you in violation of public policy? If so:

(a)  identify the constitutional provision, statute, regulation, or other source of the public policy that you contend was violated; and

(b)  state all facts upon which you base your contention that the **EMPLOYER** violated public policy.

### 206.0   Defamation

☐ 206.1  Did the **EMPLOYER'S** agents or employees **PUBLISH** any of the allegedly defamatory statements identified in the **PLEADINGS**? If so, for each statement:

(a)  identify the PUBLISHED statement;

(b)  state the name, ADDRESS, telephone number, and job title of each person who **PUBLISHED** the statement;

(c)  state the name, **ADDRESS**, and telephone number of each person to whom the statement was **PUBLISHED**;

(d)  state whether, at the time the statement was **PUBLISHED**, the **PERSON** who **PUBLISHED** the statement believed it to be true; and

(e)  state all facts upon which the **PERSON** who published the statement based the belief that it was true.

✔ 206.2  State the name and **ADDRESS** of each agent or employee of the **EMPLOYER** who responded to any inquiries regarding the **EMPLOYEE** after the **EMPLOYEE'S TERMINATION**.

✔ 206.3  State the name and **ADDRESS** of the recipient and the substance of each post-**TERMINATION** statement **PUBLISHED** about **EMPLOYEE** by any agent or employee of **EMPLOYER**.

### 207.0   Internal Complaints

✔ 207.1  Were there any internal written policies or regulations of the **EMPLOYER** that apply to the making of a complaint of the type that is the subject matter of this lawsuit? If so:

(a)  state the title and date of each **DOCUMENT** containing the policies or regulations and a general description of the **DOCUMENT'S** contents;

(b)  state the manner in which the **DOCUMENT** was communicated to **EMPLOYEES**;

(c)  state the manner, if any, in which **EMPLOYEES** acknowledged receipt of the **DOCUMENT** or knowledge of its contents, or both;

(d)  state, if you contend that the **EMPLOYEE** failed to use any available internal complaint procedures, all facts that support that contention; and

(e)  state, if you contend that the **EMPLOYEE'S** failure to use internal complaint procedures was excused, all facts why the **EMPLOYEE'S** use of the procedures was excused.

✔ 207.2  Did the **EMPLOYEE** complain to the **EMPLOYER** about any of the unlawful conduct alleged in the **PLEADINGS**? If so, for each complaint:

(a)  state the date of the complaint;

(b)  state the nature of the complaint;

(c)  state the name and **ADDRESS** of each **PERSON** to whom the complaint was made;

(d)  state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who investigated the complaint;

(e)  state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who participated in making decisions about how to conduct the investigation;

(f)   state the name, **ADDRESS,** telephone number, and job title of each **PERSON** who was interviewed or who provided an oral or written statement as part of the investigation of the complaint;

(g)   state the nature and date of any action taken in response to the complaint;

(h)   state whether the **EMPLOYEE** who made the complaint was made aware of the actions taken by the **EMPLOYER** in response to the complaint, and, if so, state how and when;

(i)   identify all **DOCUMENTS** relating to the complaint, the investigation, and any action taken in response to the complaint; and

(j)   state the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of the **EMPLOYEE'S** complaint or the **EMPLOYER'S** response to the complaint.

**208.0   Governmental Complaints**

☑ 208.1  Did the **EMPLOYEE** file a claim, complaint, or charge with any governmental agency that involved any of the material allegations made in the **PLEADINGS**? If so, for each claim, complaint, or charge:

(a)   state the date on which it was filed;

(b)   state the name and **ADDRESS** of the agency with which it was filed;

(c)   state the number assigned to the claim, complaint, or charge by the agency;

(d)   state the nature of each claim, complaint, or charge made;

(e)   state the date on which the **EMPLOYER** was notified of the claim, complaint, or charge;

(f)   state the name, **ADDRESS**, and telephone number of all **PERSONS** within the governmental agency with whom the **EMPLOYER** has had any contact or communication regarding the claim, complaint, or charge;

(g)   state whether a right to sue notice was issued and, if so, when; and

(h)   state whether any findings or conclusions regarding the complaint or charge have been made, and, if so, the date and description of the agency's findings or conclusions.

☑ 208.2   Did the **EMPLOYER** respond to any claim, complaint, or charge identified in Interrogatory 208.1? If so, for each claim, complaint, or charge:

(a)   state the nature and date of any investigation done or any other action taken by the **EMPLOYER** in response to the claim, complaint, or charge:

(b)   state the name, **ADDRESS**, telephone number, and job title of each person who investigated the claim, complaint, or charge;

(c)   state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who participated in making decisions about how to conduct the investigation; and

(d)   state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who was interviewed or who provided an oral or written statement as part of the investigation.

**209.0   Other Employment Claims by Employee or Against Employer**

☐ 209.1  Except for this action, in the past 10 years has the **EMPLOYEE** filed a civil action against any employer regarding the **EMPLOYEE'S** employment? If so, for each civil action:

(a)   state the name, **ADDRESS,** and telephone number of each employer against whom the action was filed;

(b)   state the court, names of the parties, and case number of the civil action;

(c)   state the name, **ADDRESS**, and telephone number of any attorney representing the **EMPLOYEE**; and

(d)   state whether the action has been resolved or is pending.

☑ 209.2  Except for this action, in the past 10 years has any employee filed a civil action against the **EMPLOYER** regarding his or her employment? If so, for each civil action:

(a)   state the name, **ADDRESS**, and telephone number of each employee who filed the action;

(b)   state the court, names of the parties, and case number of the civil action;

(c)   state the name, **ADDRESS**, and telephone number of any attorney representing the **EMPLOYER**; and

(d)   state whether the action has been resolved or is pending.

**210.0   Loss of Income—Interrogatories to Employee**

☐ 210.1  Do you attribute any loss of income, benefits, or earning capacity to any **ADVERSE EMPLOYMENT ACTION?** *(If your answer is "no," do not answer Interrogatories 210.2 through 210.6.)*

☐ 210.2  State the total amount of income, benefits, or earning capacity you have lost to date and how the amount was calculated.

☐ 210.3  Will you lose income, benefits, or earning capacity in the future as a result of any **ADVERSE EMPLOYMENT ACTION**? If so, state the total amount of income, benefits, or earning capacity you expect to lose, and how the amount was calculated.

☐ 210.4  Have you attempted to minimize the amount of your lost income? If so, describe how; if not, explain why not.

DISC-002

210.5   Have you purchased any benefits to replace any benefits to which you would have been entitled if the **ADVERSE EMPLOYMENT ACTION** had not occurred? If so, state the cost for each benefit purchased.

210.6   Have you obtained other employment since any **ADVERSE EMPLOYMENT ACTION**? If so, for each new employment:

(a)      state when the new employment commenced;

(b)      state the hourly rate or monthly salary for the new employment; and

(c)      state the benefits available from the new employment.

**211.0      Loss of Income—Interrogatories to Employer**
*[See instruction 2(d).]*

☑ 211.1   Identify each type of **BENEFIT** to which the **EMPLOYEE** would have been entitled, from the date of the **ADVERSE EMPLOYMENT ACTION** to the present, if the **ADVERSE EMPLOYMENT ACTION** had not happened and the **EMPLOYEE** had remained in the same job position. For each type of benefit, state the amount the **EMPLOYER** would have paid to provide the benefit for the **EMPLOYEE** during this time period and the value of the **BENEFIT** to the **EMPLOYEE**.

211.2   Do you contend that the **EMPLOYEE** has not made reasonable efforts to minimize the amount of the **EMPLOYEE'S** lost income? If so:

(a)      describe what more **EMPLOYEE** should have done;

(b)      state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts that support your contention; and

(c)      identify all **DOCUMENTS** that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

211.3   Do you contend that any of the lost income claimed by the **EMPLOYEE**, as disclosed in discovery thus far in this case, is unreasonable or was not caused by the **ADVERSE EMPLOYMENT ACTION**? If so:

(a)      state the amount of claimed lost income that you dispute;

(b)      state all facts upon which you base your contention;

(c)      state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d)      identify all **DOCUMENTS** that support your contention and state the name, **ADDRESS**, and telephone number of the PERSON who has each **DOCUMENT**.

**212.0 Physical, Mental, or Emotional Injuries—Interrogatories to Employee**

212.1   Do you attribute any physical, mental, or emotional injuries to the **ADVERSE EMPLOYMENT ACTION**? *(If your answer is "no," do not answer Interrogatories 212.2 through 212.7.)*

212.2   Identify each physical, mental, or emotional injury that you attribute to the **ADVERSE EMPLOYMENT ACTION** and the area of your body affected.

212.3   Do you still have any complaints of physical, mental, or emotional injuries that you attribute to the **ADVERSE EMPLOYMENT ACTION**? If so, for each complaint state:

(a)      a description of the injury;

(b)      whether the complaint is subsiding, remaining the same, or becoming worse; and

(c)      the frequency and duration.

212.4   Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure section 2034) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **ADVERSE EMPLOYMENT ACTION**? If so, for each **HEALTH CARE PROVIDER** state:

(a)      the name, **ADDRESS,** and telephone number;

(b)      the type of consultation, examination, or treatment provided;

(c)      the dates you received consultation, examination, or treatment; and

(d)      the charges to date.

212.5   Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **ADVERSE EMPLOYMENT ACTION**? If so, for each medication state:

(a)      the name of the medication;

(b)      the name, **ADDRESS** and telephone number of the **PERSON** who prescribed or furnished it;

(c)      the date prescribed or furnished;

(d)      the dates you began and stopped taking it; and

(e)      the cost to date.

212.6   Are there any other medical services not previously listed in response to interrogatory 212.4 (for example, ambulance, nursing, prosthetics) that you received for injuries attributed to the **ADVERSE EMPLOYMENT ACTION**? If so, for each service state:

(a)      the nature;

(b)      the date;

(c)      the cost; and

(d)      the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER**.

DISC-002

212.7  Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **ADVERSE EMPLOYMENT ACTION**? If so, for each injury state:

(a)     the name and **ADDRESS** of each **HEALTH CARE PROVIDER**;

(b)     the complaints for which the treatment was advised; and

(c)     the nature, duration, and estimated cost of the treatment.

### 213.0   Other Damages—Interrogatories to Employee

213.1  Are there any other damages that you attribute to the **ADVERSE EMPLOYMENT ACTION**? If so, for each item of damage state:

(a)     the nature;
(b)     the date it occurred;
(c)     the amount; and
(d)     the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of the nature or amount of the damage.

213.2  Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in Interrogatory 213.1 ? If so, identify the **DOCUMENTS** and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

### 214.0   Insurance

[✔] 214.1  At the time of the **ADVERSE EMPLOYMENT ACTION**, was there in effect any policy of insurance through which you were or might be insured in any manner for the damages, claims, or actions that have arisen out of the **ADVERSE EMPLOYMENT ACTION**? If so, for each policy state:

(a)     the kind of coverage;
(b)     the name and **ADDRESS** of the insurance company;
(c)     the name, **ADDRESS**, and telephone number of each named insured;
(d)     the policy number;
(e)     the limits of coverage for each type of coverage contained in the policy;
(f)     whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
(g)     the name, **ADDRESS**, and telephone number of the custodian of the policy.

[✔] 214.2  Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **ADVERSE EMPLOYMENT ACTION**? If so, specify the statute.

### 215.0   Investigation

[✔] 215.1  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **ADVERSE EMPLOYMENT ACTION**? If so, for each individual state:

(a)     the name, **ADDRESS**, and telephone number of the individual interviewed;
(b)     the date of the interview; and
(c)     the name, **ADDRESS,** and telephone number of the **PERSON** who conducted the interview.

[✔] 215.2  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **ADVERSE EMPLOYMENT ACTION?**  If so, for each statement state:

(a)     the name, **ADDRESS**, and telephone number of the individual from whom the statement was obtained;
(b)     the name, **ADDRESS**, and telephone number of the individual who obtained the statement;
(c)     the date the statement was obtained; and
(d)     the name, **ADDRESS**, and telephone number of each **PERSON** who has the original statement or a copy.

### 216.0   Denials and Special or Affirmative Defenses

216.1  Identify each denial of a material allegation and each special or affirmative defense in your **PLEADINGS** and for each:

(a)     state all facts upon which you base the denial or special or affirmative defense;
(b)     state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(c)     identify all **DOCUMENTS** and all other tangible things, that support your denial or special or affirmative defense, and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

### 217.0   Response to Request for Admissions

217.1  Is your response to each request for admission served with these interrogatories an unqualified admission?  If not, for each response that is not an unqualified admission:

(a)     state the number of the request;
(b)     state all facts upon which you base your response;
(c)     state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(d)     identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**DISC-001**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>  Ramin R. Younessi, Esq. (175020), Samvel Geshgian, Esq. (300470) Eduardo Balderas, Esq. (322589)<br>  Law Offices of Ramin R. Younessi, A.P.L.C.<br>  3435 Wilshire Boulevard, Suite 2200<br>  Los Angeles, California 90010<br>  TELEPHONE NO.:  (213) 480-6200<br>  FAX NO. *(Optional):*  (213) 480-6201<br>  E-MAIL ADDRESS *(Optional):*<br>  ATTORNEY FOR *(Name):*  Plaintiff, Maria Martin | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES

111 N HILL STREET
LOS ANGELES, CA  90012

SHORT TITLE OF CASE:

Maria Martin v. FedEx Ground Package System, Inc, et al.

| | |
|---|---|
| **FORM INTERROGATORIES—GENERAL**<br>**Asking Party:** Plaintiff, Maria Martin<br><br>**Answering Party:** Defendant, Fedex Ground Package System, Inc.<br>**Set No.:** One (1) | CASE NUMBER:<br><br>23STCV20487 |

### Sec. 1. Instructions to All Parties

(a)   Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b)   For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c)   These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

### Sec. 2. Instructions to the Asking Party

(a)   These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, Form *Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b)   Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c)   You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d)   The interrogatories in section 16.0, Defendant's Contentions–Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e)   Additional interrogatories may be attached.

### Sec. 3. Instructions to the Answering Party

(a)   An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b)   As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c)   Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d)   If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e)   Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f)   Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g)   If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h)   Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____        _____
        *(DATE)*                                *(SIGNATURE)*

### Sec. 4. Definitions

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

☐   (1)   **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

**Page 1 of 8**

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>DISC-001 [Rev. January 1, 2007] | **FORM INTERROGATORIES—GENERAL** | Code of Civil Procedure,<br>§§ 2030.010-2030.410, 2033.710<br>*www.courtinfo.ca.gov* |

American LegalNet, Inc.<br>www.Forms*Workflow*.com

DISC-001

☑ **(2)   INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

The separation of Plaintiff's employment with Responding Party, regardless of whether you deny such conduct occurred.

**(b)  YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

**(c)  PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

**(d)  DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

**(e)  HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

**(f)  ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5.  Interrogatories**

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

## CONTENTS

1.0 Identity of Persons Answering These Interrogatories
2.0 General Background Information—Individual
3.0 General Background Information—Business Entity
4.0 Insurance
5.0 *[Reserved]*
6.0 Physical, Mental, or Emotional Injuries
7.0 Property Damage
8.0 Loss of Income or Earning Capacity
9.0 Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation—General
13.0 Investigation—Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 *[Reserved]*
19.0 *[Reserved]*
20.0 How the Incident Occurred—Motor Vehicle
25.0 *[Reserved]*
30.0 *[Reserved]*
40.0 *[Reserved]*
50.0 Contract
60.0 *[Reserved]*
70.0 Unlawful Detainer *[See separate form FI-128]*
101.0 Economic Litigation *[See separate form FI-129]*
200.0 Employment Law *[See separate form FI-130]*
    Family Law *[See separate form 1292.10]*

**1.0 Identity of Persons Answering These Interrogatories**

☑ 1.1 State the name, **ADDRESS,** telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. (*Do not identify anyone who simply typed or reproduced the responses.*)

**2.0 General Background Information—individual**

☐ 2.1 State:
(a)  your name;
(b)  every name you have used in the past; and
(c)  the dates you used each name.

☐ 2.2 State the date and place of your birth.

☐ 2.3 At the time of the **INCIDENT,** did you have a driver's license? If so state:
(a)  the state or other issuing entity;
(b)  the license number and type;
(c)  the date of issuance; and
(d)  all restrictions.

☐ 2.4 At the time of the **INCIDENT,** did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a)  the state or other issuing entity;
(b)  the license number and type;
(c)  the date of issuance; and
(d)  all restrictions.

☐ 2.5 State:
(a)  your present residence **ADDRESS;**
(b)  your residence **ADDRESSES** for the past five years; and
(c)  the dates you lived at each **ADDRESS.**

☐ 2.6 State:
(a)  the name, **ADDRESS,** and telephone number of your present employer or place of self-employment; and
(b)  the name, **ADDRESS,** dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

☐ 2.7 State:
(a)  the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b)  the dates you attended;
(c)  the highest grade level you have completed; and
(d)  the degrees received.

☐ 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a)  the city and state where you were convicted;
(b)  the date of conviction;
(c)  the offense; and
(d)  the court and case number.

☐ 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

☐ 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

DISC-001

☑ 2.11 At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON?** If so, state:
(a) the name, **ADDRESS,** and telephone number of that **PERSON:** and
(b) a description of your duties.

☐ 2.12 At the time of the **INCIDENT** did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the **INCIDENT?** If so, for each person state:
(a) the name, **ADDRESS,** and telephone number;
(b) the nature of the disability or condition; and
(c) the manner in which the disability or condition contributed to the occurrence of the **INCIDENT.**

☐ 2.13 Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
(a) the name, **ADDRESS,** and telephone number;
(b) the nature or description of each substance;
(c) the quantity of each substance used or taken;
(d) the date and time of day when each substance was used or taken;
(e) the **ADDRESS** where each substance was used or taken;
(f) the name, **ADDRESS,** and telephone number of each person who was present when each substance was used or taken; and
(g) the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

**3.0 General Background Information—Business Entity**

☑ 3.1 Are you a corporation? If so, state:
(a) the name stated in the current articles of incorporation;
(b) all other names used by the corporation during the past 10 years and the dates each was used;
(c) the date and place of incorporation;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

☑ 3.2 Are you a partnership? If so, state:
(a) the current partnership name;
(b) all other names used by the partnership during the past 10 years and the dates each was used;
(c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
(d) the name and **ADDRESS** of each general partner; and
(e) the **ADDRESS** of the principal place of business.

☑ 3.3 Are you a limited liability company? If so, state:
(a) the name stated in the current articles of organization;
(b) all other names used by the company during the past 10 years and the date each was used;
(c) the date and place of filing of the articles of organization;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

☑ 3.4 Are you a joint venture? If so, state:
(a) the current joint venture name;
(b) all other names used by the joint venture during the past 10 years and the dates each was used;
(c) the name and **ADDRESS** of each joint venturer; and
(d) the **ADDRESS** of the principal place of business.

☑ 3.5 Are you an unincorporated association?
If so, state:
(a) the current unincorporated association name;
(b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
(c) the **ADDRESS** of the principal place of business.

☑ 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
(a) the name;
(b) the dates each was used;
(c) the state and county of each fictitious name filing; and
(d) the **ADDRESS** of the principal place of business.

☑ 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
(a) identify the license or registration;
(b) state the name of the public entity; and
(c) state the dates of issuance and expiration.

**4.0 Insurance**

☑ 4.1 At the time of the **INCIDENT,** was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, for each policy state:
(a) the kind of coverage;
(b) the name and **ADDRESS** of the insurance company;
(c) the name, **ADDRESS,** and telephone number of each named insured;
(d) the policy number;
(e) the limits of coverage for each type of coverage contained in the policy;
(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
(g) the name, **ADDRESS,** and telephone number of the custodian of the policy.

☑ 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, specify the statute.

**5.0** *[Reserved]*

**6.0 Physical, Mental, or Emotional Injuries**

☐ 6.1 Do you attribute any physical, mental, or emotional injuries to the **INCIDENT?** *(If your answer is "no," do not answer interrogatories 6.2 through 6.7).*

☐ 6.2 Identify each injury you attribute to the **INCIDENT** and the area of your body affected.

**DISC-001**

6.3  Do you still have any complaints that you attribute to the **INCIDENT?** If so, for each complaint state:
(a)  a description;
(b)  whether the complaint is subsiding, remaining the same, or becoming worse; and
(c)  the frequency and duration.

6.4 Did you receive any consultation or examination  (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT?** If so, for each **HEALTH CARE PROVIDER** state:

(a)  the name, **ADDRESS,** and telephone number;
(b)  the type of consultation, examination, or  treatment provided;
(c)  the dates you received consultation, examination, or treatment; and
(d)  the charges to date.

6.5  Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT?** If so, for each medication state:
(a)  the name;
(b)  the **PERSON** who prescribed or furnished it;
(c)  the date it was prescribed or furnished;
(d)  the dates you began and stopped taking it; and
(e)  the cost to date.

6.6    Are there any other medical services necessitated by the injuries that you attribute to the **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a)  the nature;
(b)  the date;
(c)  the cost; and
(d)  the name, **ADDRESS,** and telephone number of each provider.

6.7  Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT?** If so, for each injury state:
(a)  the name and **ADDRESS** of each **HEALTH CARE PROVIDER;**
(b)  the complaints for which the treatment was advised; and
(c)  the nature, duration, and estimated cost of the treatment.

**7.0  Property Damage**

7.1  Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT**?  If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c)  state the amount of damage  you  are claiming  for each item of property and how the amount was calculated; and
(d)  if the property was sold, state the name, **ADDRESS,** and telephone number of the seller, the date of sale,  and  the sale price.

7.2  Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a)  the  name, **ADDRESS,** and telephone number of the **PERSON** who prepared it and the date prepared;
(b)  the name, **ADDRESS,** and telephone number of each **PERSON** who has a copy of it; and
(c)  the amount of damage stated.

7.3  Has any item of property referred to in  your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a)  the date repaired;
(b)  a description of the repair;
(c)  the repair cost;
(d)  the name, **ADDRESS,** and telephone number of  the **PERSON** who repaired it;
(e)  the name, **ADDRESS,** and telephone number of  the **PERSON** who paid for the repair.

**8.0  Loss of Income or Earning Capacity**

8.1  Do you attribute any loss of income or earning capacity to the **INCIDENT**? *(If  your answer is  "no," do not answer interrogatories 8.2 through 8.8).*

8.2  State:
(a)  the nature of your work;
(b)  your job title at the time of the **INCIDENT;** and
(c)  the date your employment began.

8.3    State the last date before the **INCIDENT** that you worked for compensation.

8.4  State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

8.5  State the date you returned to work at each place of employment following the **INCIDENT.**

8.6  State the dates you did not work and for which you lost income as a result of the **INCIDENT.**

8.7  State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

8.8  Will you lose income in the future as a result of the **INCIDENT?** If so, state:
(a)  the facts upon which you base this contention;
(b)  an estimate of the amount;
(c)  an estimate of how long you will be unable  to  work; and
(d)  how the claim for future income is calculated.

DISC-001

**9.0  Other Damages**

☐ 9.1  Are there any other damages that you attribute to the **INCIDENT?** If so, for each item of damage state:
(a)  the nature;
(b)  the date it occurred;
(c)  the amount; and
(d)  the name, **ADDRESS,** and telephone number of each **PERSON** to whom an obligation was incurred.

☐ 9.2  Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**10.0  Medical History**

☐ 10.1  At any time before the **INCIDENT** did you have complaints or injuries that involved the same part of your body claimed to have been injured in the **INCIDENT?** If so, for each state:

(a)  a description of the complaint or injury;
(b)  the dates it began and ended; and
(c)  the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** whom you consulted or who examined or treated you.

☐ 10.2  List all physical, mental, and emotional disabilities you had immediately before the **INCIDENT.** *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

☐ 10.3  At any time after the **INCIDENT,** did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:

(a)  the date and the place it occurred;
(b)  the name, **ADDRESS,** and telephone number of any other **PERSON** involved;
(c)  the nature of any injuries you sustained;
(d)  the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** who you consulted or who examined or treated you; and
(e)  the nature of the treatment and its duration.

**11.0  Other Claims and Previous Claims**

☐ 11.1  Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:

(a)  the date, time, and place and location (closest street **ADDRESS** or intersection) of the **INCIDENT** giving rise to the action, claim, or demand;
(b)  the name, **ADDRESS,** and telephone number of each **PERSON** against whom the claim or demand was made or the action filed;

(c)  the court, names of the parties, and case number of any action filed;
(d)  the name, **ADDRESS,** and telephone number of any attorney representing you;
(e)  whether the claim or action has been resolved or is pending; and
(f)  a description of the injury.

☐ 11.2  In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:

(a)  the date, time, and place of the **INCIDENT** giving rise to the claim;
(b)  the name, **ADDRESS,** and telephone number of your employer at the time of the injury;
(c)  the name, **ADDRESS,** and telephone number of the workers' compensation insurer and the claim number;
(d)  the period of time during which you received workers' compensation benefits;
(e)  a description of the injury;
(f)  the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who provided services; and
(g)  the case number at the Workers' Compensation Appeals Board.

**12.0  Investigation—General**

☑ 12.1 State the name, **ADDRESS,** and telephone number of each individual:
(a)  who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT;**
(b)  who made any statement at the scene of the **INCIDENT;**
(c)  who heard any statements made about the **INCIDENT** by any individual at the scene; and
(d)  who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure section 2034).

☑ 12.2  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT?** If so, for each individual state:
(a)  the name, **ADDRESS,** and telephone number of the individual interviewed;
(b)  the date of the interview; and
(c)  the name, **ADDRESS,** and telephone number of the **PERSON** who conducted the interview.

☑ 12.3  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT?** If so, for each statement state:
(a)  the name, **ADDRESS,** and telephone number of the individual from whom the statement was obtained;
(b)  the name, **ADDRESS,** and telephone number of the individual who obtained the statement;
(c)  the date the statement was obtained; and
(d)  the name, **ADDRESS,** and telephone number of each **PERSON** who has the original statement or a copy.

DISC-001

✔ 12.4   Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a)  the number of photographs or feet of film or videotape;

(b)  the places, objects, or persons photographed, filmed, or videotaped;

(c)  the date the photographs, films, or videotapes were taken;

(d)  the name, **ADDRESS,** and telephone number of the individual taking the photographs, films, or videotapes; and

(e)  the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

☐ 12.5   Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) concerning the **INCIDENT?** If so, for each item state:

(a)  the type (i.e., diagram, reproduction, or model);

(b)  the subject matter; and

(c)  the name, **ADDRESS,** and telephone number of each **PERSON** who has it.

✔ 12.6   Was a report made by any **PERSON** concerning the **INCIDENT?** If so, state:

(a)  the name, title, identification number, and employer of the **PERSON** who made the report;

(b)  the date and type of report made;

(c)  the name, **ADDRESS,** and telephone number of the **PERSON** for whom the report was made; and

(d)  the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the report.

☐ 12.7  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT?** If so, for each inspection state:

(a)  the name, **ADDRESS,** and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and

(b)  the date of the inspection.

### 13.0  Investigation—Surveillance

✔ 13.1  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:

(a)  the name, **ADDRESS,** and telephone number of the individual or party;

(b)  the time, date, and place of the surveillance;

(c)  the name, **ADDRESS,** and telephone number of the individual who conducted the surveillance; and

(d)  the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

✔ 13.2 Has a written report been prepared on the surveillance? If so, for each written report state:

(a)  the title;

(b)  the date;

(c)  the name, **ADDRESS,** and telephone number of the individual who prepared the report; and

(d)  the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy.

### 14.0  Statutory or Regulatory Violations

✔ 14.1  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT?** If so, identify the name, **ADDRESS,** and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

✔ 14.2   Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT?** If so, for each **PERSON** state:

(a)  the name, **ADDRESS,** and telephone number of the **PERSON;**

(b)  the statute, ordinance, or regulation allegedly violated;

(c)  whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and

(d)  the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

### 15.0  Denials and Special or Affirmative Defenses

✔ 15.1   Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:

(a) state all facts upon which you base the denial or special or affirmative defense;

(b)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(c)  identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

### 16.0  Defendant's Contentions—Personal Injury

✔ 16.1   Do you contend that any **PERSON,** other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON:**

(a)  state the name, **ADDRESS,** and telephone number of the **PERSON;**

(b)  state all facts upon which you base your contention;

(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

✔ 16.2   Do you contend that plaintiff was not injured in the **INCIDENT?** If so:

(a)  state all facts upon which you base your contention;

(b)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(c)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

DISC-001

16.3   Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the **INCIDENT**? If so, for each injury:

(a)  identify it;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.4  Do you contend that any of the services furnished by any **HEALTH CARE PROVIDER** claimed by plaintiff in discovery proceedings thus far in this case were not due to the **INCIDENT**? If so:

(a)  identify each service;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that

support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.5   Do you contend that any of the costs of services furnished by any **HEALTH CARE PROVIDER** claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:

(a)  identify each cost;

(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.6  Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the **INCIDENT**? If so:

(a)  identify each part of the loss;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.7    Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the **INCIDENT**? If so:

(a)  identify each item of property damage;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.8  Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a)  identify each cost item;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☑ 16.9   Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the **INCIDENT** by a plaintiff in this case? If so, for each plaintiff state:

(a)  the source of each **DOCUMENT;**
(b)  the date each claim arose;
(c)  the nature of each claim; and
(d)  the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

☑ 16.10   Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a **HEALTH CARE PROVIDER** not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so, for each plaintiff state:

(a)  the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER;**
(b)  a description of each **DOCUMENT**; and
(c)  the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**17.0 Responses to Request for Admissions**

☑ 17.1  Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a)  state the number of the request;
(b)  state all facts upon which you base your response;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**18.0**  *[Reserved]*

**19.0**  *[Reserved]*

**20.0 How the Incident Occurred—Motor Vehicle**

20.1  State the date, time, and place of the **INCIDENT** (closest street **ADDRESS** or intersection).

20.2   For each vehicle involved in the **INCIDENT,** state:

(a)  the year, make, model, and license number;
(b)  the name, ADDRESS, and telephone number of the driver;

DISC-001

(c) the name, **ADDRESS,** and telephone number of each occupant other than the driver;

(d) the name, **ADDRESS,** and telephone number of each registered owner;

(e) the name, **ADDRESS,** and telephone number of each lessee;

(f) the name, **ADDRESS,** and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ 20.3 State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

☐ 20.4 Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT,** and state the location of each stop, other than routine traffic stops, during the trip leading up to the **INCIDENT.**

☐ 20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT.**

☐ 20.6 Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ 20.7 Was there a traffic signal facing you at the time of the **INCIDENT?** If so, state:
(a) your location when you first saw it;
(b) the color;
(c) the number of seconds it had been that color; and
(d) whether the color changed between the time you first saw it and the **INCIDENT.**

☐ 20.8 State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:
(a) just before the **INCIDENT;**
(b) at the time of the **INCIDENT;** and (c) just after the **INCIDENT.**

☐ 20.9 Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT**? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS,** and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and
(d) state the name, **ADDRESS,** and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT?** If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS,** and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS,** and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.11 State the name, **ADDRESS,** and telephone number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT.**

**25.0** *[Reserved]*

**30.0** *[Reserved]*

**40.0** *[Reserved]*

**50.0 Contract**

☐ 50.1 For each agreement alleged in the pleadings:
(a) identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(b) state each part of the agreement not in writing, the name, **ADDRESS,** and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;
(c) identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(d) identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(e) state each modification not in writing, the date, and the name, **ADDRESS,** and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;
(f) identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT.**

☐ 50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☐ 50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☐ 50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

☐ 50.5 Is any agreement alleged in the pleadings unenforceable? If so, identify each unenforceable agreement and state why it is unenforceable.

☐ 50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0** *[Reserved]*

Ramin R. Younessi, Esq. (SBN 175020)
Samvel Geshgian, Esq. (SBN 300470)
Eduardo Balderas, Esq. (SBN 322589)
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorney for Plaintiff,
MARIA MARTIN

# SUPERIOR COURT OF THE STATE OF CALIFORNIA,

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| MARIA MARTIN, an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>FEDEX GROUND PACKAGE STYSTEM, INC., a Delaware corporation; SAMANTHA GREY, an individual; and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No.: 23STCV20487<br><br>*Assigned to the Hon. Kerry Bensinger Dept. 31*<br><br>**PLAINTIFF MARIA MARTIN'S REQUEST FOR ADMISSIONS (SET ONE) TO DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.**<br><br>Action filed:   August 25, 2023<br>Trial date:     None Set Yet |

PROPOUNDING PARTY:    Plaintiff MARIA MARTIN

RESPONDING PARTY:    Defendant FEDEX GROUND PACKAGE SYSTEM, INC.

SET NO.:    One (1)

Pursuant to Code of Civil Procedure section 2033.010, Plaintiff Maria Martin ("PLAINTIFF") requests that Defendant Fedex Ground Package System, Inc., within thirty (30) days after service hereof or at such earlier time as the above-entitled court may order, make the following admissions:

-1-

## I.    **DEFINITIONS**

The following definitions apply herein, unless otherwise stated:

A.    The term "RELATING TO" shall mean supporting, discrediting, relating to, referring to, constituting, evidencing, reflecting, describing, pertaining or otherwise concerning.

B.    The terms "YOU," "YOUR," and "YOURS," means and refers to Defendant FEDEX GROUND PACKAGE SYSTEM, INC., and its present and former representatives, agents, executives, directors, employees, attorneys, assigns, or any of them and any other person acting or purporting to act on its behalf.

C.    The term "PLAINTIFF" shall mean and refer to Plaintiff MARIA MARTIN.

D.    The term "COMPLAINT" means and refers to PLAINTIFF's complaint on file herein.

E.    The term "RELEVANT TIME PERIOD" means and refers to the time period of approximately July 1, 2019 to approximately December 23, 2021 inclusive.

F.    The terms "TERMINATE," "TERMINATION," or "TERMINATING" mean and refer to the actual or constructive termination of employment or work relationship and includes a discharge, firing, layoff, resignation, or completion of the term of the employment or work relationship agreement, as such terms are defined the Judicial Council Form Interrogatories – Employment Law.

G.    The terms "PERSON," "PERSONS" or "ANYONE" shall include, but not be limited to, individuals, associations, corporations, companies, business entities, and other groups

H.    The term "DOCUMENT" or "DOCUMENTS" means all writings, drawings, graphs, charts, photographs, phono records, and other data compilations from which information can be obtained and translated, if necessary, by and updated through detection devices into reasonably usable forms, including final and draft versions of documents in the actual or constructive possession, custody or control of YOU or YOUR attorneys or agents.  Documents includes but is not limited to all accounting records, ledgers, general ledgers, trial balances, balance sheets, income statements or summaries, expense statements or summaries, descriptions of assets, descriptions of liabilities, budgets, invoices, check ledgers, records of loan receipts and payments, expense account reports, charge or credit account reports, reports of any accounts with any financial institutions including bank and savings and loan associations, monthly statements of accounts with any financial institutions, records of tax payments or

withholding of taxes, descriptions of wage payments, correspondence, letters, telegrams, notes, agenda, memoranda, interoffice communications, reports, analyses, studies, working papers, calendars, appointment books, diaries, drawings, graphs, charts, photographs, sound reproduction tapes, emails, electronic storage and data compilations. The term "DOCUMENT" encompasses originals and copies, or reproductions of originals, upon which notations in writing, print or otherwise have been made, which do not appear in the originals.

I.      The words "and" as well as "or" should be construed both conjunctively as well as disjunctively.

J.      The term "COMMUNICATION" and "COMMUNICATIONS" shall include oral or written verbal expression or nonverbal conduct of a person intended by her or her as the substitute for oral or verbal expression. It also specifically includes correspondence, notes of meetings, and notes of telephone calls.

K.      The term "IDENTIFY" when used in connection with natural PERSONS, includes the name, address, phone number, and the current or most recent position held with DEFENDANT if the individual is or was employed with DEFENDANT as of the date these interrogatories are answered.

L.      The term "IDENTIFY," when used in connection with DOCUMENTS, means to set forth the title of the DOCUMENT or description of the DOCUMENT, the date of the DOCUMENT, the author of the DOCUMENT, the recipient of the DOCUMENT, and who has possession, custody or control of the DOCUMENT.

**II.     REQUESTS**

**REQUEST FOR ADMISSION NO. 1:**

Admit that **PLAINTIFF**'s disability constitutes a disability under the Fair Employment and Housing Act.

**REQUEST FOR ADMISSION NO. 2:**

Admit that **PLAINTIFF**'s perceived disability constitutes a disability under the Fair Employment and Housing Act.

-3-

**REQUEST FOR ADMISSION NO. 3:**

Admit that **PLAINTIFF** notified **YOU** regarding **PLAINTIFF**'s disability during the **RELEVANT TIME PERIOD**.

**REQUEST FOR ADMISSION NO. 4:**

Admit that during the **RELEVANT TIME PERIOD**, **YOU** knew that **PLAINTIFF** had a disability.

**REQUEST FOR ADMISSION NO. 5:**

Admit that during the **RELEVANT TIME PERIOD**, **YOU** perceived **PLAINTIFF** to be suffering from a physical disability.

**REQUEST FOR ADMISSION NO. 6:**

Admit that during the **RELEVANT TIME PERIOD**, **PLAINTIFF** was able to perform the essential job duties with reasonable accommodation.

**REQUEST FOR ADMISSION NO. 7:**

Admit that **PLAINTIFF** performed all job duties satisfactorily during the entirety of **PLAINTIFF**'s employment with **YOU**.

**REQUEST FOR ADMISSION NO. 8:**

Admit that **PLAINTIFF** was never disciplined for poor performance during the entirety of **PLAINTIFF**'s employment with **YOU**.

**REQUEST FOR ADMISSION NO. 9:**

Admit that **PLAINTIFF** was never counseled for poor work performance during the entirety of **PLAINTIFF**'s employment with **YOU**.

**REQUEST FOR ADMISSION NO. 10:**

Admit that at all relevant times **YOU** employed no less than five employees.

**REQUEST FOR ADMISSION NO. 11:**

Admit that **YOU** discriminated against **PLAINTIFF** during the **RELEVANT TIME PERIOD** based upon **PLAINTIFF**'s disability.

PLAINTIFF MARIA MARTIN'S REQUEST FOR ADMISSIONS (SET ONE)
TO DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.

**REQUEST FOR ADMISSION NO. 12:**

Admit that **YOU** discriminated against **PLAINTIFF** during the **RELEVANT TIME PERIOD** based upon **PLAINTIFF**'s perceived disability.

**REQUEST FOR ADMISSION NO. 13:**

Admit that **PLAINTIFF**'s disability was a substantial motivating factor for **YOUR** discrimination against **PLAINTIFF** during the **RELEVANT TIME PERIOD**.

**REQUEST FOR ADMISSION NO. 14:**

Admit that **PLAINTIFF'**s perceived disability was a substantial motivating factor for **YOUR** discrimination against **PLAINTIFF** during the **RELEVANT TIME PERIOD**.

**REQUEST FOR ADMISSION NO. 15:**

Admit that **PLAINTIFF**'s request for an accommodation was a substantial motivating factor for **YOUR** discrimination against **PLAINTIFF** during the **RELEVANT TIME PERIOD**.

**REQUEST FOR ADMISSION NO. 16:**

Admit that **PLAINTIFF**'s disability was a substantial motivating reason for **PLAINTIFF**'s **TERMINATION**.

**REQUEST FOR ADMISSION NO. 17:**

Admit that **YOU** replaced **PLAINTIFF** in **PLAINTIFF**'s position of employment with a non-disabled person.

**REQUEST FOR ADMISSION NO. 18:**

Admit that **YOU** replaced **PLAINTIFF** in **PLAINTIFF**'s position of employment with a person without work restrictions.

**REQUEST FOR ADMISSION NO. 19:**

Admit that **PLAINTIFF** was **TERMINATED** for requesting a reasonable accommodation.

**REQUEST FOR ADMISSION NO. 20:**

Admit that **PLAINTIFF** was **TERMINATED** for seeking medical treatment for **PLAINTIFF**'s disability.

**REQUEST FOR ADMISSION NO. 21:**

Admit that **PLAINTIFF** was **TERMINATED** for reporting a disability.

-5-

**REQUEST FOR ADMISSION NO. 22:**

Admit that **PLAINTIFF** was **TERMINATED** for reporting a medical condition.

**REQUEST FOR ADMISSION NO. 23:**

Admit that there was no legitimate, non-retaliatory reason for **PLAINTIFF**'s **TERMINATION**.

**REQUEST FOR ADMISSION NO. 24:**

Admit that **YOU** took no steps to prevent discrimination against **PLAINTIFF**.

**REQUEST FOR ADMISSION NO. 25:**

Admit that **YOU** took no steps to prevent retaliation against **PLAINTIFF**.

**REQUEST FOR ADMISSION NO. 26:**

Admit that during the **RELEVANT TIME PERIOD**, **YOU** refused to accommodate **PLAINTIFF**'s disability.

**REQUEST FOR ADMISSION NO. 27:**

Admit that during the **RELEVANT TIME PERIOD**, accommodating **PLAINTIFF**'s disability would not have imposed undue hardship upon **YOU**.

**REQUEST FOR ADMISSION NO. 28:**

Admit that during the **RELEVANT TIME PERIOD**, accommodating **PLAINTIFF**'s disability would not have been a danger to **PLAINTIFF**'s health or safety.

**REQUEST FOR ADMISSION NO. 29:**

Admit that during the **RELEVANT TIME PERIOD**, accommodating **PLAINTIFF**'s disability would not have been a danger to anyone's health or safety.

**REQUEST FOR ADMISSION NO. 30:**

Admit that during the **RELEVANT TIME PERIOD PLAINTIFF** requested medical leaves.

**REQUEST FOR ADMISSION NO. 31:**

Admit that during the **RELEVANT TIME PERIOD PLAINTIFF** provided **YOU** with doctor notes.

**REQUEST FOR ADMISSION NO. 32:**

Admit that **PLAINTIFF** asked **YOU** for accommodations during the **RELEVANT TIME PERIOD**.

-6-

**REQUEST FOR ADMISSION NO. 33:**

Admit that **YOU** had vacant positions at **YOUR** locations at or below **PLAINTIFF**'s pay grade from December 1, 2021 to the present.

**REQUEST FOR ADMISSION NO. 34:**

Admit that **YOU** did not offer **PLAINTIFF** any vacant position(s) identified in **YOUR** response to Request for Admission No. 33.

**REQUEST FOR ADMISSION NO. 35:**

Admit that **PLAINTIFF** was over the age of 40 at the time of discharge.

**REQUEST FOR ADMISSION NO. 36:**

Admit that **PLAINTIFF**'s age was a motivating factor in **YOUR TERMINATION** of **PLAINTIFF**.

**REQUEST FOR ADMISSION NO. 37:**

Admit that **YOU** replaced **PLAINTIFF** in **PLAINTIFF**'s position of employment with a person under the age of 40.

**REQUEST FOR ADMISSION NO. 38:**

Admit that **YOU** replaced **PLAINTIFF** in **PLAINTIFF**'s position of employment with a person younger than **PLAINTIFF**.

**REQUEST FOR ADMISSION NO. 39:**

Admit that **YOU** currently do not employ any individuals over the age of 40.

**REQUEST FOR ADMISSION NO. 40:**

Admit that **PLAINTIFF** was over the age of 40 at the time of discharge.

**REQUEST FOR ADMISSION NO. 41:**

Admit that **PLAINTIFF**'s age was a motivating factor in **YOUR TERMINATION** of **PLAINTIFF**.

**REQUEST FOR ADMISSION NO. 42:**

Admit that **YOU** replaced **PLAINTIFF** in **PLAINTIFF**'s position of employment with a person under the age of 40.

**REQUEST FOR ADMISSION NO. 43:**

Admit that **YOU** replaced **PLAINTIFF** in **PLAINTIFF**'s position of employment with a person younger than **PLAINTIFF**.

**REQUEST FOR ADMISSION NO. 44:**

Admit that **YOU TERMINATED** other employees over the age of 40 on or about the same date **YOU TERMINATED PLAINTIFF**.

**REQUEST FOR ADMISSION NO. 45:**

Admit that sometime after **YOU TERMINATED PLAINTIFF**, **YOU** hired new employees.

**REQUEST FOR ADMISSION NO. 46:**

Admit that sometime after **YOU TERMINATED PLAINTIFF**, **YOU** hired younger employees.

DATED: January 29, 2024

**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**

By: _____
Ramin R. Younessi, Esq.
Samvel Geshgian, Esq.
Eduardo Balderas, Esq.
Attorneys for Plaintiff
MARIA MARTIN

-8-

PLAINTIFF MARIA MARTIN'S REQUEST FOR ADMISSIONS (SET ONE)
TO DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.

## DECLARATION FOR ADDITIONAL DISCOVERY

I, Eduardo Balderas, declare as follows:

1.     I am an attorney licensed to practice law in the State of California, and am associated with the Law Offices of Ramin R. Younessi, APLC, attorneys of record for Plaintiff.  I make this declaration based on my personal knowledge, and if called upon to do so, I could and would competently testify to the facts set forth below.

2.     I am propounding to Defendant FEDEX GROUND PACKAGE SYSTEM, INC., the accompanying first requests for admission.

3.     This set of requests for admission will cause the total number of requests for admissions propounded to the party to whom they are directed to exceed the number of requests for admission permitted by section 2033.030(a)(1) of the Code of Civil Procedure.

4.     Plaintiff has not previously propounded any requests for admission to this party.

5.     This set of requests for admission contains a total of 46 requests for admission.

6.     I am familiar with the issues in the case, and have personally drafted and reviewed each of the requests for admission.

7.     This number of requests for admission is warranted under section 2033.040, of the Code of Civil Procedure because of the quantity of existing and potential factual and legal issues in this particular case.  The number of requests for admission is also necessary to ensure that each request is not compound, conjunctive or disjunctive.

8.     None of the requests for admission is being propounded for any improper purpose, such as to harass the parties, or the attorney for the parties, to whom it is directed, or to cause unnecessary delay or needless increase in the cost of litigation.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.  Executed January 29, 2024, at Los Angeles, California.

_____
Eduardo Balderas

-9-

Ramin R. Younessi, Esq. (SBN 175020)
Samvel Geshgian, Esq. (SBN 300470)
Eduardo Balderas, Esq. (SBN 322589)
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorney for Plaintiff,
MARIA MARTIN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA,

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| MARIA MARTIN, an individual, | Case No.: 23STCV20487 |
| Plaintiff, | *Assigned to the Hon. Kerry Bensinger Dept. 31* |
| v. | **PLAINTIFF MARIA MARTIN'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) TO DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.** |
| FEDEX GROUND PACKAGE STYSTEM, INC., a Delaware corporation; SAMANTHA GREY, an individual; and DOES 1 through 20, inclusive, | |
| Defendants. | Action filed:  August 25, 2023<br>Trial date:    None Set Yet |

PROPOUNDING PARTY:    Plaintiff MARIA MARTIN

RESPONDING PARTY:    Defendant FEDEX GROUND PACKAGE SYSTEM, INC.

SET NO.:    One (1)

Pursuant to Code of Civil Procedure section 2031.010(a), Plaintiff Maria Martin requests that Defendant Fedex Ground Package System, Inc., produce and permit the inspection and copying of the following documents and tangible things on March 4, 2024, at 10:00 a.m., or within such shorter time as the above-referenced court may order at the Law Offices of Ramin R. Younessi, APLC, located at 3435 Wilshire Blvd., Suite 2200, Los Angeles, CA 90010, at which time Plaintiff or Plaintiff's agents will be entitled to inspect and copy said documents.  Responding party may avoid appearance on the above-mentioned date by producing the responsive documents to propounding party via mail on or before March 4, 2024.

-1-

## I.   **DEFINITIONS**

The following definitions apply herein, unless otherwise stated:

A.   The term "RELATING TO" shall mean supporting, discrediting, relating to, referring to, constituting, evidencing, reflecting, describing, pertaining or otherwise concerning.

B.   The terms "YOU," "YOUR," and "YOURS," means and refers to Defendant FEDEX GROUND PACKAGE SYSTEM, INC., and its present and former representatives, agents, executives, directors, employees, attorneys, assigns, or any of them and any other person acting or purporting to act on its behalf.

C.   The term "PLAINTIFF" shall mean and refer to Plaintiff MARIA MARTIN.

D.   The term "COMPLAINT" means and refers to PLAINTIFF's complaint on file herein.

E.   The term "RELEVANT TIME PERIOD" means and refers to the time period of approximately July 1, 2019 to approximately December 23, 2021 inclusive.

F.   The terms "TERMINATE," "TERMINATION," or "TERMINATING" mean and refer to the actual or constructive termination of employment or work relationship and includes a discharge, firing, layoff, resignation, or completion of the term of the employment or work relationship agreement, as such terms are defined the Judicial Council Form Interrogatories – Employment Law.

G.   The terms "PERSON," "PERSONS" or "ANYONE" shall include, but not be limited to, individuals, associations, corporations, companies, business entities, and other groups

H.   The term "DOCUMENT" or "DOCUMENTS" means all writings, drawings, graphs, charts, photographs, phono records, and other data compilations from which information can be obtained and translated, if necessary, by and updated through detection devices into reasonably usable forms, including final and draft versions of documents in the actual or constructive possession, custody or control of YOU or YOUR attorneys or agents.  Documents includes but is not limited to all accounting records, ledgers, general ledgers, trial balances, balance sheets, income statements or summaries, expense statements or summaries, descriptions of assets, descriptions of liabilities, budgets, invoices, check ledgers, records of loan receipts and payments, expense account reports, charge or credit account reports, reports of any accounts with any financial institutions including bank and savings and loan associations, monthly statements of accounts with any financial institutions, records of tax payments or

-2-

withholding of taxes, descriptions of wage payments, correspondence, letters, telegrams, notes,  agenda, memoranda, interoffice communications, reports, analyses, studies, working papers, calendars, appointment books, diaries, drawings, graphs, charts, photographs, sound reproduction tapes, emails, electronic storage and data compilations.  The term "DOCUMENT" encompasses originals and copies, or reproductions of originals, upon which notations in writing, print or otherwise have been made, which do not appear in the originals.

I.      The words "and" as well as "or" should be construed both conjunctively as well as disjunctively.

J.      The term "COMMUNICATION" and "COMMUNICATIONS" shall include oral or written verbal expression or nonverbal conduct of a person intended by her or her as the substitute for oral or verbal expression.  It also specifically includes correspondence, notes of meetings, and notes of telephone calls.

K.      The term "IDENTIFY" when used in connection with natural PERSONS, includes the name, address, phone number, and the current or most recent position held with DEFENDANT if the individual is or was employed with DEFENDANT as of the date these interrogatories are answered.

L.      The term "IDENTIFY," when used in connection with DOCUMENTS, means to set forth the title of the DOCUMENT or description of the DOCUMENT, the date of the DOCUMENT, the author of the DOCUMENT, the recipient of the DOCUMENT, and who has possession, custody or control of the DOCUMENT.

**II.     <u>GENERAL INSTRUCTIONS</u>**

A.      The singular of any word should be construed to include its plural and vice-versa.

B.      The present tense should be construed to include the past and vice-versa.

C.      The masculine should be construed to include the feminine and vice-versa.

D.      If you believe that any of the following demands for production and inspection of documents calls for an assertion of a claim of privilege, produce so much of the DOCUMENT(s) as is not objected to, and set forth, with respect to each such DOCUMENT(s) as to which a claim of privilege is asserted, the nature of the privilege claims (i.e., attorney client privilege) and the basis for YOUR

claim.  For each DOCUMENT or portion of DOCUMENT as to which you claim a privilege, please state:

      1.    the date the DOCUMENT was created;

      2.    the type, title, and subject matter of the DOCUMENT, sufficient to assess whether the assertion of privilege is valid;

      3.    the name of the person or persons who prepared, created and/or executed the DOCUMENT;

      4.    the names and positions of any actual and intended recipients of the DOCUMENT;

      5.    each person now in possession of the original or a copy of the DOCUMENT;

      6.    the nature of the privilege being claimed and any facts relevant to the claim; and

      7.    the paragraph number of the request to which the DOCUMENT is responsive.

E.    If for reasons other than a claim of privilege YOU refuse to produce any DOCUMENTS described herein, please state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

F.    Each demand to produce a DOCUMENT includes DOCUMENTS that are in any way in YOUR possession, custody or control or subject to the control of YOUR attorneys, or to which YOU or any of YOUR attorneys have access.  If a demanded DOCUMENT is not in YOUR possession, custody or control, identify the DOCUMENT and its present location and custodian and explain the circumstances under which the DOCUMENT left YOUR possession, custody or control.

**NOTE:  IF YOU ARE UNSURE AS TO THE INTENT, SCOPE OR MEANING OF ANY OF THE FOREGOING DEFINITIONS OR ANY OF THE FOLLOWING REQUESTS, YOU ARE INSTRUCTED TO HAVE YOUR ATTORNEY CONTACT THE ATTORNEY OF RECORD FOR PLAINTIFF WHO WILL PROVIDE ANY NEEDED ASSISTANCE FOR YOU TO UNDERSTAND THE INTENT, MEANING AND SCOPE THEREOF.**

**PLEASE ALSO BE ADVISED THAT PLAINTIFF'S ATTORNEY IS WILLING TO STIPULATE TO A PROTECTIVE ORDER IF THERE ARE PRIVACY CONCERNS CONCERNING THE PRODUCTION OF THE REQUESTED DOCUMENTS.  DEFENDANT'S**

-4-

**ATTORNEYS ARE THEREFORE REQUESTED TO CONTACT PLAINTIFF'S ATTORNEY PRIOR TO THE DATE OF PRODUCTION IF DEFENDANT INTENDS TO WITHHOLD ANY DOCUMENTS ON THE GROUNDS OF THE PRIVACY RIGHTS OF A PARTY OR OF THIRD PARTIES OR ON THE GROUNDS OF ANY APPLICABLE PRIVILEGE.**

**III.    DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 1:**

All **DOCUMENTS RELATING TO** the response(s) identified or to be identified by **YOU** in response to Form Interrogatories – General, Form Interrogatories – Employment Law, and Special Interrogatories served upon **YOU** concurrently herewith by **PLAINTIFF**, or responsive thereto.

**REQUEST FOR PRODUCTION NO. 2:**

All **DOCUMENTS RELATING TO** job descriptions for the each position held by **PLAINTIFF** with **YOU** in effect at any time while **PLAINTIFF** held that position, reflecting the duties of any and all positions which **PLAINTIFF** held during her employment or work relationship with **YOU**, including, but not limited to, all **DOCUMENTS** describing the **PLAINTIFF**'s duties at all times during her employment or work relationship, including **DOCUMENTS** drafted by any of her superiors defining such duties, and all **DOCUMENTS** defining the essential functions of each such position.

**REQUEST FOR PRODUCTION NO. 3:**

All **DOCUMENTS RELATING TO COMMUNICATIONS** between **YOU** and **PLAINTIFF** regarding **PLAINTIFF**'s disability and injuries during the **RELEVANT TIME PERIOD**.

**REQUEST FOR PRODUCTION NO. 4:**

All **DOCUMENTS RELATING TO COMMUNICATIONS** between **YOU** and any **PERSON** except **YOUR** attorneys regarding **PLAINTIFF**'s disability during the **RELEVANT TIME PERIOD**.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all **DOCUMENTS** that support any contention that **PLAINTIFF** was not able to perform her essential job duties with reasonable accommodation.

-5-

**REQUEST FOR PRODUCTION NO. 6:**

Any and all **DOCUMENTS** that support any contention that **YOU** did not discriminate against **PLAINTIFF** based upon **PLAINTIFF**'s disability.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all **DOCUMENTS** concerning **PLAINTIFF**, or in any way **RELATING TO PLAINTIFF**'s disability being a substantial motivating factor in **PLAINTIFF**'s **TERMINATION**.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all **DOCUMENTS** concerning, or in any way **RELATING TO PLAINTIFF**'s perceived disability being a substantial motivating factor in **PLAINTIFF**'s **TERMINATION**.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all **DOCUMENTS** concerning **PLAINTIFF**, or in any way **RELATING TO PLAINTIFF**'s request for accommodation for **PLAINTIFF**'s disability during the **RELEVANT TIME PERIOD**.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all **DOCUMENTS** evidencing that **YOU** replaced **PLAINTIFF** in **PLAINTIFF**'s position of employment with a non-disabled person after **PLAINTIFF**'s **TERMINATION**.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all **DOCUMENTS** evidencing that **YOU** replaced **PLAINTIFF** in **PLAINTIFF**'s position of employment with a person without work restrictions, after **PLAINTIFF**'s **TERMINATION**.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all **DOCUMENTS** concerning, evidencing, or in any way **RELATING TO YOUR** decision to **TERMINATE PLAINTIFF** after **PLAINTIFF** requested a reasonable accommodation for **PLAINTIFF**'s disability.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all **DOCUMENTS** concerning, evidencing, or in any way **RELATING TO YOUR** decision to **TERMINATE PLAINTIFF**.

-6-

**REQUEST FOR PRODUCTION NO. 14:**

Any and all **DOCUMENTS** concerning, evidencing, or in any way **RELATING TO** any contention that **YOU** did not **TERMINATE PLAINTIFF** for seeking medical treatment during the **RELEVANT TIME PERIOD**.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all **DOCUMENTS** concerning, evidencing, or in any way **RELATING TO** any contention that **YOU** did not **TERMINATE PLAINTIFF** for reporting a disability.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all **DOCUMENTS** concerning, evidencing, or in any way **RELATING TO** any contention that **YOU** did not **TERMINATE PLAINTIFF** for reporting a medical condition.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all **DOCUMENTS** concerning, evidencing, or in any way **RELATING TO** any contention that there was a legitimate, non-retaliatory reason for **TERMINATING PLAINTIFF**'s employment.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all **DOCUMENTS** evidencing any anti-discrimination training provided to **YOUR** employees during the **RELEVANT TIME PERIOD**.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all **DOCUMENTS** evidencing that **YOU** failed take any steps to prevent discrimination against **PLAINTIFF** on the basis of **PLAINTIFF**'s disability.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all **DOCUMENTS** concerning, evidencing, or in any way **RELATING TO** any investigation(s) by **YOU** into **PLAINTIFF**'s complaints that **PLAINTIFF** was being discriminated against based upon **PLAINTIFF**'s disability.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all **DOCUMENTS** concerning, evidencing, or in any way **RELATING TO** any steps taken by **YOU** to prevent discrimination against **PLAINTIFF** on the basis of **PLAINTIFF**'s disability.

-7-

**REQUEST FOR PRODUCTION NO. 22:**

Any and all **DOCUMENTS** concerning, evidencing, or in any way **RELATING TO YOUR** failure to take reasonable steps to prevent discrimination against **PLAINTIFF** as being a substantial factor in causing **PLAINTIFF**'s harm.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all **DOCUMENTS** concerning, evidencing, or in any way **RELATING TO** any **COMMUNICATIONS** between **YOU** and **PLAINTIFF** participating in an interactive process to determine whether reasonable accommodations for **PLAINTIFF**'s disabilities could be made so that **PLAINTIFF** would be able to perform the essential job functions.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all **DOCUMENTS** concerning, evidencing, or in any way **RELATING TO** any **COMMUNICATIONS** between **YOU** and any **PERSON** except **YOUR** attorneys concerning any interactive process to determine whether reasonable accommodations for **PLAINTIFF**'s disability could be made so that **PLAINTIFF** would be able to perform the essential job functions.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all **DOCUMENTS** concerning, evidencing, or in any way **RELATING TO** any contention that **YOU** were unable to accommodate **PLAINTIFF**'s disabilities during the **RELEVANT TIME PERIOD**.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all **DOCUMENTS** concerning, evidencing, or in any way **RELATING TO** any contention that it would have caused undue hardship on **YOU** to accommodate **PLAINTIFF**'s disability during the **RELEVANT TIME PERIOD**.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all **DOCUMENTS** concerning, evidencing, or in any way **RELATING TO** any contention that accommodating **PLAINTIFF**'s disability would have been a danger to **PLAINTIFF**'s health or safety.

PLAINTIFF MARIA MARTIN'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) TO DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all **DOCUMENTS** concerning, evidencing, or in any way **RELATING TO** any contention that accommodating **PLAINTIFF**'s disability would have been a danger to anyone else's health or safety.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all **DOCUMENTS** evidencing or **RELATING TO PLAINTIFF** reporting her injuries to **YOU** during the **RELEVANT TIME PERIOD**.

**REQUEST FOR PRODUCTION NO. 30:**

Any and all **DOCUMENTS** evidencing or **RELATING TO PLAINTIFF** requesting extended medical leaves during the **RELEVANT TIME PERIOD**.

**REQUEST FOR PRODUCTION NO. 31:**

Any and all **DOCUMENTS** evidencing or **RELATING TO** accommodations **YOU** considered, if any, when **PLAINTIFF** reported her disabilities to **YOU**.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all **DOCUMENTS** evidencing or **RELATING TO PLAINTIFF**'s separation of employment with **YOU**.

**REQUEST FOR PRODUCTION NO. 33:**

Any and all **DOCUMENTS** evidencing or **RELATING TO** vacant positions at all of **YOUR** locations at or below **PLAINTIFF**'s pay grade from December 1, 2021 to the present, including without limitation, job postings, internal emails, and job descriptions.

**REQUEST FOR PRODUCTION NO. 34:**

All **DOCUMENTS RELATING TO** descriptions of every position held by **PLAINTIFF** during the term of **PLAINTIFF**'s employment or work relationship with **YOU**.

**REQUEST FOR PRODUCTION NO. 35:**

Any and all **DOCUMENTS** evidencing that **YOUR TERMINATION** of **PLAINTIFF** during the **RELEVANT TIME PERIOD** was authorized by **YOUR** officers, directors, or managing agents.

-9-

**REQUEST FOR PRODUCTION NO. 36:**

Any and all **DOCUMENTS** evidencing that **YOUR** officers, directors, or managing agents knew of **PLAINTIFF**'s **TERMINATION** and ratified such conduct.

**REQUEST FOR PRODUCTION NO. 37:**

Any and all **DOCUMENTS** concerning, or in any way **RELATING TO**, any contention that **PLAINTIFF**'s age was not a motivating factor in **YOUR TERMINATION** of **PLAINTIFF**.

**REQUEST FOR PRODUCTION NO. 38:**

Any and all **DOCUMENTS** evidencing that **YOU** replaced **PLAINTIFF** in **PLAINTIFF**'s position of employment with a person who is younger that **PLAINTIFF**.

**REQUEST FOR PRODUCTION NO. 39:**

Any and all **DOCUMENTS** evidencing that **YOU** replaced **PLAINTIFF** in **PLAINTIFF**'s position of employment with a person who is below the age of 40.

**REQUEST FOR PRODUCTION NO. 40:**

Any and all **DOCUMENTS** reflecting the ages of all of **YOUR** employees, at the location **PLAINTIFF** worked at, at the time of **PLAINTIFF**'s **TERMINATION**.

**REQUEST FOR PRODUCTION NO. 41:**

Any and all **DOCUMENTS** reflecting the hire dates of all of **YOUR** employees at the time of **PLAINTIFF**'s **TERMINATION**.

**REQUEST FOR PRODUCTION NO. 42:**

Any and all **DOCUMENTS** reflecting the ages of all of **YOUR** employees hired after **PLAINTIFF**'s **TERMINATION** at the location **PLAINTIFF** worked at.

**REQUEST FOR PRODUCTION NO. 43:**

Any and all **DOCUMENTS** reflecting the hire dates of all of **YOUR** employees hired after **PLAINTIFF**'s **TERMINATION**.

**REQUEST FOR PRODUCTION NO. 44:**

Any and all **DOCUMENTS** reflecting the ages of all of **YOUR** employees at the location **PLAINTIFF** worked at from December 1, 2020 to the present.

-10-

**REQUEST FOR PRODUCTION NO. 45:**

Any and all **DOCUMENTS** evidencing the ages of all **YOUR** employees that remained employed in the location where **PLAINTIFF** worked after **PLAINTIFF's TERMINATION**.

**REQUEST FOR PRODUCTION NO. 46:**

Any and all **DOCUMENTS** evidencing the hire dates of all **YOUR** employees that remained employed in the location where **PLAINTIFF** worked after **PLAINTIFF's TERMINATION**.

**REQUEST FOR PRODUCTION NO. 47:**

Any and all **DOCUMENTS** evidencing the ages of all **YOUR** employees that were **TERMINATED** at or around the time of **PLAINTIFF's TERMINATION**.

**REQUEST FOR PRODUCTION NO. 48:**

Any and all **DOCUMENTS** evidencing the dates of birth of all **YOUR** employees that were **TERMINATED** at or around the time of **PLAINTIFF's TERMINATION**.

**REQUEST FOR PRODUCTION NO. 49:**

Any and all **DOCUMENTS** evidencing the hire dates of all **YOUR** employees that were **TERMINATED** at or around the time of **PLAINTIFF's TERMINATION**.

**REQUEST FOR PRODUCTION NO. 50:**

**PLAINTIFF**'s payroll file, including, but not limited to, all **DOCUMENTS** regarding **PLAINTIFF**'s compensation and benefits during **PLAINTIFF**'s employment or work relationship with **YOU**.

DATED: January 29, 2024                    **LAW OFFICES OF RAMIN R. YOUNESSI**
                                           **A PROFESSIONAL LAW CORPORATION**


                                    By:  _____
                                           Ramin R. Younessi, Esq.
                                           Samvel Geshgian, Esq.
                                           Eduardo Balderas, Esq.
                                           Attorneys for Plaintiff
                                           MARIA MARTIN

-11-

Ramin R. Younessi, Esq. (SBN 175020)
Samvel Geshgian, Esq. (SBN 300470)
Eduardo Balderas, Esq. (SBN 322589)
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorney for Plaintiff,
MARIA MARTIN

# SUPERIOR COURT OF THE STATE OF CALIFORNIA,

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| MARIA MARTIN, an individual, | Case No.: 23STCV20487 |
| Plaintiff, | *Assigned to the Hon. Kerry Bensinger Dept. 31* |
| v. | **PLAINTIFF MARIA MARTIN'S SPECIAL INTERROGATORIES (SET ONE) TO DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.** |
| FEDEX GROUND PACKAGE STYSTEM, INC., a Delaware corporation; SAMANTHA GREY, an individual; and DOES 1 through 20, inclusive, | |
| Defendants. | Action filed:  August 25, 2023<br>Trial date:  None Set Yet |

PROPOUNDING PARTY:   Plaintiff MARIA MARTIN

RESPONDING PARTY:   Defendant FEDEX GROUND PACKAGE SYSTEM, INC.

SET NO.:   One (1)

-1-

## I.   **DEFINITIONS**

The following definitions apply herein, unless otherwise stated:

A.   The term "RELATING TO" shall mean supporting, discrediting, relating to, referring to, constituting, evidencing, reflecting, describing, pertaining or otherwise concerning.

B.   The terms "YOU," "YOUR," and "YOURS," means and refers to Defendant FEDEX GROUND PACKAGE SYSTEM, INC., and its present and former representatives, agents, executives, directors, employees, attorneys, assigns, or any of them and any other person acting or purporting to act on its behalf.

C.   The term "PLAINTIFF" shall mean and refer to Plaintiff MARIA MARTIN.

D.   The term "COMPLAINT" means and refers to PLAINTIFF's complaint on file herein.

E.   The term "RELEVANT TIME PERIOD" means and refers to the time period of approximately July 1, 2019 to approximately December 23, 2021 inclusive.

F.   The terms "TERMINATE," "TERMINATION," or "TERMINATING" mean and refer to the actual or constructive termination of employment or work relationship and includes a discharge, firing, layoff, resignation, or completion of the term of the employment or work relationship agreement, as such terms are defined the Judicial Council Form Interrogatories – Employment Law.

G.   The terms "PERSON," "PERSONS" or "ANYONE" shall include, but not be limited to, individuals, associations, corporations, companies, business entities, and other groups

H.   The term "DOCUMENT" or "DOCUMENTS" means all writings, drawings, graphs, charts, photographs, phono records, and other data compilations from which information can be obtained and translated, if necessary, by and updated through detection devices into reasonably usable forms, including final and draft versions of documents in the actual or constructive possession, custody or control of YOU or YOUR attorneys or agents.  Documents includes but is not limited to all accounting records, ledgers, general ledgers, trial balances, balance sheets, income statements or summaries, expense statements or summaries, descriptions of assets, descriptions of liabilities, budgets, invoices, check ledgers, records of loan receipts and payments, expense account reports, charge or credit account reports, reports of any accounts with any financial institutions including bank and savings and loan associations, monthly statements of accounts with any financial institutions, records of tax payments or

-2-

withholding of taxes, descriptions of wage payments, correspondence, letters, telegrams, notes,  agenda, memoranda, interoffice communications, reports, analyses, studies, working papers, calendars, appointment books, diaries, drawings, graphs, charts, photographs, sound reproduction tapes, emails, electronic storage and data compilations.  The term "DOCUMENT" encompasses originals and copies, or reproductions of originals, upon which notations in writing, print or otherwise have been made, which do not appear in the originals.

I.      The words "and" as well as "or" should be construed both conjunctively as well as disjunctively.

J.      The term "COMMUNICATION" and "COMMUNICATIONS" shall include oral or written verbal expression or nonverbal conduct of a person intended by her or her as the substitute for oral or verbal expression.  It also specifically includes correspondence, notes of meetings, and notes of telephone calls.

K.      The term "IDENTIFY" when used in connection with natural PERSONS, includes the name, address, phone number, and the current or most recent position held with DEFENDANT if the individual is or was employed with DEFENDANT as of the date these interrogatories are answered.

L.      The term "IDENTIFY," when used in connection with DOCUMENTS, means to set forth the title of the DOCUMENT or description of the DOCUMENT, the date of the DOCUMENT, the author of the DOCUMENT, the recipient of the DOCUMENT, and who has possession, custody or control of the DOCUMENT.

## II.     SPECIAL INTERROGATORIES

### SPECIAL INTERROGATORY NO. 1:

**IDENTIFY** all natural persons assisting in the preparation of the answers to these interrogatories.

### SPECIAL INTERROGATORY NO. 2:

Please state the dates that **PLAINTIFF** was employed by **YOU**.

### SPECIAL INTERROGATORY NO. 3:

**IDENTIFY** all natural persons who participated in the decision to hire **PLAINTIFF**.

-3-

**SPECIAL INTERROGATORY NO. 4:**

State the rate at which **PLAINTIFF** was compensated, including wages, bonuses, incentive pay, and fringe benefits (including but not limited to profit sharing, retirement, group insurance, and 401(k)) as of the last date of her employment.

**SPECIAL INTERROGATORY NO. 5:**

Was **PLAINTIFF** ever disciplined for any reason during the term of **PLAINTIFF**'s employment with **YOU**?

**SPECIAL INTERROGATORY NO. 6:**

If **PLAINTIFF** was ever disciplined for any reason during the term of **PLAINTIFF**'s employment with **YOU**, please **IDENTIFY** by date every occasion on which **YOU** disciplined **PLAINTIFF**.

**SPECIAL INTERROGATORY NO. 7:**

If **PLAINTIFF** was ever disciplined for any reason during the term of **PLAINTIFF**'s employment with **YOU**, please describe in detail the reason(s) why **PLAINTIFF** was disciplined on each occasion.

**SPECIAL INTERROGATORY NO. 8:**

If **PLAINTIFF** was ever disciplined for any reason during the term of **PLAINTIFF**'s employment with **YOU**, please **IDENTIFY** every **PERSON** with knowledge of the facts concerning any incidence of disciplining **PLAINTIFF** by **YOU**.

**SPECIAL INTERROGATORY NO. 9:**

If **PLAINTIFF** was ever disciplined for any reason during the term of **PLAINTIFF**'s employment with **YOU**, please **IDENTIFY** every **DOCUMENT** memorializing, concerning, evidencing or relating to any and all incidences of disciplining **PLAINTIFF** by **YOU**.

**SPECIAL INTERROGATORY NO. 10:**

Please describe in detail any anti-discrimination policies **YOU** had in place at any location at which **PLAINTIFF** worked for **YOU** during the **RELEVANT TIME PERIOD**.

-4-

PLAINTIFF MARIA MARTIN'S SPECIAL INTERROGATORIES (SET ONE)
TO DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.

**SPECIAL INTERROGATORY NO. 11:**

Please **IDENTIFY** every **DOCUMENT RELATING TO** any anti-discrimination policies **YOU** had in place at any location at which **PLAINTIFF** worked for **YOU** during the **RELEVANT TIME PERIOD**.

**SPECIAL INTERROGATORY NO. 12:**

Please describe in detail any anti-discrimination training **YOU** provided to any supervisor employed by **YOU** at any location at which **PLAINTIFF** worked for **YOU** during the **RELEVANT TIME PERIOD**.

**SPECIAL INTERROGATORY NO. 13:**

Please **IDENTIFY** every **DOCUMENT RELATING TO** any anti-discrimination training **YOU** provided to any supervisor employed by **YOU** at any location at which **PLAINTIFF** worked for **YOU** during the **RELEVANT TIME PERIOD**.

**SPECIAL INTERROGATORY NO. 14:**

Please describe in detail any anti-retaliation policies **YOU** had in place at any location at which **PLAINTIFF** worked for **YOU** during the **RELEVANT TIME PERIOD**.

**SPECIAL INTERROGATORY NO. 15:**

Please **IDENTIFY** every **DOCUMENT RELATING TO** any anti-retaliation policies **YOU** had in place at any location at which **PLAINTIFF** worked for **YOU** during the **RELEVANT TIME PERIOD**.

**SPECIAL INTERROGATORY NO. 16:**

Please describe in detail any anti-retaliation training **YOU** provided to any supervisor employed by **YOU** at any location at which **PLAINTIFF** worked for **YOU** during the **RELEVANT TIME PERIOD**.

**SPECIAL INTERROGATORY NO. 17:**

Please **IDENTIFY** every **DOCUMENT RELATING TO** any anti-retaliation training **YOU** provided to any supervisor employed by **YOU** at any location at which **PLAINTIFF** worked for **YOU** during the **RELEVANT TIME PERIOD**.

**SPECIAL INTERROGATORY NO. 18:**

Were **YOU** willing to participate in an interactive process to determine whether reasonable accommodations for **PLAINTIFF**'s disability could be made so that **PLAINTIFF** would be able to perform the essential job functions?

**SPECIAL INTERROGATORY NO. 19:**

If **YOU** contend that **YOU** were willing to participate in an interactive process to determine whether reasonable accommodations for **PLAINTIFF**'s disability could be made so that **PLAINTIFF** would be able to perform the essential job functions, state all facts in support of that contention.

**SPECIAL INTERROGATORY NO. 20:**

If **YOU** contend that **YOU** were willing to participate in an interactive process to determine whether reasonable accommodations for **PLAINTIFF**'s disability could be made so that **PLAINTIFF** would be able to perform the essential job functions, **IDENTIFY** all witnesses in support of that contention.

**SPECIAL INTERROGATORY NO. 21:**

If **YOU** contend that **YOU** were willing to participate in an interactive process to determine whether reasonable accommodations for **PLAINTIFF**'s disability could be made so that **PLAINTIFF** would be able to perform the essential job functions, **IDENTIFY** all **DOCUMENTS** in support of that contention.

**SPECIAL INTERROGATORY NO. 22:**

**IDENTIFY** all **DOCUMENTS RELATING TO PLAINTIFF**'s injuries during the **RELEVANT TIME PERIOD**.

**SPECIAL INTERROGATORY NO. 23:**

**IDENTIFY** all **DOCUMENTS RELATING TO PLAINTIFF**'s requests for medical leave during the **RELEVANT TIME PERIOD**.

**SPECIAL INTERROGATORY NO. 24:**

State all accommodations that were considered by **YOU** when **PLAINTIFF** notified **YOU** of her injuries during the **RELEVANT TIME PERIOD**.

**SPECIAL INTERROGATORY NO. 25:**

State all accommodations that were considered by **YOU** when **PLAINTIFF** requested accommodations during the **RELEVANT TIME PERIOD**.

**SPECIAL INTERROGATORY NO. 26:**

If **YOU** contend that **PLAINTIFF** was provided accommodations, **IDENTIFY** all witnesses in support of that contention.

**SPECIAL INTERROGATORY NO. 27:**

Provide a list of all of **YOUR** vacant positions at the location **PLAINTIFF** worked at or below **PLAINTIFF**'s pay grade from December 1, 2021 to the present.

**SPECIAL INTERROGATORY NO. 28:**

Provide all reasons why the vacant positions identified in response to Interrogatory No. 27 were not offered to **PLAINTIFF** as an accommodation to **PLAINTIFF**.

**SPECIAL INTERROGATORY NO. 29:**

State all reasons why **PLAINITFF** was **TERMINATED** from her employment with **YOU**.

**SPECIAL INTERROGATORY NO. 30:**

Describe the decision-making process in determining that **PLAINITFF** should be **TERMINATED** from her employment with **YOU**.

**SPECIAL INTERROGATORY NO. 31:**

Describe all discussions **YOU** had with **PLAINITFF** regarding **PLAINITFF's** medical leaves.

**SPECIAL INTERROGATORY NO. 32:**

Describe all discussions **YOU** had with anyone else regarding **PLAINITFF's** medical leaves.

**SPECIAL INTERROGATORY NO. 33:**

Did **YOU** participate in a timely good-faith interactive process with **PLAINTIFF** during the **RELEVANT TIME PERIOD**?

**SPECIAL INTERROGATORY NO. 34:**

If **YOU** contend that **YOU** did participate in a timely good-faith interactive process with **PLAINTIFF** during the **RELEVANT TIME PERIOD**, state all facts in support of that contention.

-7-

**SPECIAL INTERROGATORY NO. 35:**

If **YOU** contend that **YOU** did participate in a timely good-faith interactive process with **PLAINTIFF** during the **RELEVANT TIME PERIOD**, **IDENTIFY** all witnesses in support of that contention.

**SPECIAL INTERROGATORY NO. 36:**

If **YOU** contend that **YOU** did participate in a timely good-faith interactive process with **PLAINTIFF** during the **RELEVANT TIME PERIOD**, **IDENTIFY** all **DOCUMENTS** in support of that contention.

**SPECIAL INTERROGATORY NO. 37:**

Provide the dates of birth for all of **YOUR** employees at **PLAINTIFF'S** location as of December 1, 2020.

**SPECIAL INTERROGATORY NO. 38:**

Provide the hiring dates for all of **YOUR** employees at **PLAINTIFF'S** location as of December 1, 2020.

**SPECIAL INTERROGATORY NO. 39:**

Provide the current employment status for all of **YOUR** employees employed at **PLAINTIFF'S** location as of December 1, 2020.

**SPECIAL INTERROGATORY NO. 40:**

Provide the job titles for all of **YOUR** employees employed at **PLAINTIFF'S** location as of December 1, 2020.

**SPECIAL INTERROGATORY NO. 41:**

Provide the dates of birth for all of **YOUR** employees at **PLAINTIFF'S** location as of December 1, 2021.

**SPECIAL INTERROGATORY NO. 42:**

Provide the hiring dates for all of **YOUR** employees at **PLAINTIFF'S** location as of December 1, 2021.

**SPECIAL INTERROGATORY NO. 43:**

Provide the current employment status for all of **YOUR** employees employed at **PLAINTIFF'S** location as of December 1, 2021.

**SPECIAL INTERROGATORY NO. 44:**

Provide the job titles for all of **YOUR** employees employed at **PLAINTIFF'S** location as of December 1, 2021.

**SPECIAL INTERROGATORY NO. 45:**

Provide the dates of birth for all of **YOUR** employees at **PLAINTIFF'S** location as of December 1, 2022.

**SPECIAL INTERROGATORY NO. 46:**

Provide the hiring dates for all of **YOUR** employees at **PLAINTIFF'S** location as of December 1, 2022.

**SPECIAL INTERROGATORY NO. 47:**

Provide the current employment status for all of **YOUR** employees employed at **PLAINTIFF'S** location as of December 1, 2022.

**SPECIAL INTERROGATORY NO. 48:**

Provide the job titles for all of **YOUR** employees employed at **PLAINTIFF'S** location as of December 1, 2022.

**SPECIAL INTERROGATORY NO. 49:**

Provide the dates of birth for all of **YOUR** employees at **PLAINTIFF'S** location as of December 1, 2023.

**SPECIAL INTERROGATORY NO. 50:**

Provide the hiring dates for all of **YOUR** employees at **PLAINTIFF'S** location as of December 1, 2023.

**SPECIAL INTERROGATORY NO. 51:**

Provide the current employment status for all of **YOUR** employees employed at **PLAINTIFF'S** location as of December 1, 2023.

-9-

**SPECIAL INTERROGATORY NO. 52:**

Provide the job titles for all of **YOUR** employees employed at **PLAINTIFF'S** location as of December 1, 2023.

**SPECIAL INTERROGATORY NO. 53:**

Provide the dates of birth for all of **YOUR** current employees at the location **PLAINTIFF** last worked at.

**SPECIAL INTERROGATORY NO. 54:**

Provide the hiring dates for all of **YOUR** current employees at the location **PLAINTIFF** last worked at.

**SPECIAL INTERROGATORY NO. 55:**

Provide the job titles for all of **YOUR** current employees at the location **PLAINTIFF** last worked at.

**SPECIAL INTERROGATORY NO. 56:**

Did **YOU TERMINATE** any other employees over the age of 40, at the time of **PLAINTIFF**'s **TERMINATION** at the location **PLAINTIFF** last worked at?

**SPECIAL INTERROGATORY NO. 57:**

If other employees were **TERMINATED** near the same time **PLAINTIFF** was **TERMINATED** at the location **PLAINTIFF** last worked at, describe the decision-making that went into deciding which employees to **TERMINATE**.

**SPECIAL INTERROGATORY NO. 58:**

If other employees were **TERMINATED** near the same time **PLAINTIFF** was **TERMINATED** at the location **PLAINTIFF** last worked at, describe the reason(s) each employee was **TERMINATED** for.

**SPECIAL INTERROGATORY NO. 59:**

Provide Samantha Grey's last known contact information, including home address(es) and phone number(s).

-10-

DATED: January 29, 2024

**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**

By: _____

Ramin R. Younessi, Esq.
Samvel Geshgian, Esq.
Eduardo Balderas, Esq.
Attorneys for Plaintiff,
MARIA MARTIN

-11-

## DECLARATION FOR ADDITIONAL DISCOVERY

I, Eduardo Balderas, declare as follows:

1.      I am an attorney licensed to practice law in the State of California, and am associated with the Law Offices of Ramin R. Younessi, attorneys of record for Plaintiff.  I make this declaration based on my personal knowledge, and if called upon to do so, I could and would competently testify to the facts set forth below.

2.      I am propounding to Defendant FEDEX GROUND PACKAGE SYSTEM, INC., the accompanying first set of special interrogatories.

3.      This set of special interrogatories will cause the total number of special interrogatories propounded to the party to whom they are directed to exceed the number of special interrogatories permitted by section 2030.030(a)(1) of the Code of Civil Procedure.

4.      Plaintiff has not previously propounded any set of special interrogatories to this party.

5.      This set contains a total of 59 specially-prepared interrogatories.

6.      I am familiar with the issues in the case, and have personally drafted and reviewed each of the set of special interrogatories.

7.      This number of set of special interrogatories is warranted under section 2030.040, of the Code of Civil Procedure because of the quantity of existing and potential factual and legal issues in this particular case.  The number of set of special interrogatories is also necessary to ensure that each request is not compound, conjunctive or disjunctive.

8.      None of the set of special interrogatories is being propounded for any improper purpose, such as to harass the parties, or the attorney for the parties, to whom it is directed, or to cause unnecessary delay or needless increase in the cost of litigation.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.  January 29, 2024, at Los Angeles, California.

_____
Eduardo Balderas

-12-

PLAINTIFF MARIA MARTIN'S SPECIAL INTERROGATORIES (SET ONE)
TO DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.

Ramin R. Younessi, Esq. (SBN 175020)
Samvel Geshgian, Esq. (SBN 300470)
Eduardo Balderas, Esq. (SBN 322589)
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorney for Plaintiff,
MARIA MARTIN

**SUPERIOR COURT OF THE STATE OF CALIFORNIA,**

**FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

| | |
|---|---|
| MARIA MARTIN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> FEDEX GROUND PACKAGE STYSTEM, INC., a Delaware corporation; SAMANTHA GREY, an individual; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No.: 23STCV20487 <br><br> *Assigned to the Hon. Kerry Bensinger Dept. 31* <br><br> **PROOF OF SERVICE ON PLAINTIFF MARIA MARTIN'S FIRST SETS OF WRITTEN DISCOVERY TO DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.** <br><br> Action filed:  August 25, 2023 <br> Trial date:    None Set Yet |

-1-

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3435 Wilshire Boulevard, Suite 2200, Los Angeles, California  90010.

On November 9, 2023, I served the documents described on the attached DOCUMENT LIST on the interested parties in this action as follows:

☒    By emailing true copies addressed to each addressee as follows:

Shaun J. Voigt                              *Attorney for Defendant*
E-Mail: svoigt@fisherphillips.com          *FEDEX GROUND PACKAGE SYSTEM,*
**FISHER & PHILLIPS LLP**                   *INC.*
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501


☒    BY ELECTRONIC MAIL:  Pursuant to Code of Civil Procedure §§ 1010.6(a)(2), 1010.6(e), and 1013(g), and/or California Rules of Court 2.251(b)(1)-(2), I transmitted a copy of the aforementioned document to each addressee above to the email address(es) indicated.

Executed on January 30, 2024, at Los Angeles, California.

☒    STATE    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐    FEDERAL    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.


                                                        *Brenda Salinas*
Brenda Salinas                                          _____

PROOF OF SERVICE ON PLAINTIFF MARIA MARTIN'S FIRST SETS OF WRITTEN DISCOVERY TO DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.

## DOCUMENT LIST

1.  PLAINTIFF MARIA MARTIN'S FORM INTERROGATORIES – GENERAL (SET ONE) TO DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.

2.  PLAINTIFF MARIA MARTIN'S FORM INTERROGATORIES – EMPLOYMENT LAW (SET ONE) TO DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.

3.  PLAINTIFF MARIA MARTIN'S REQUEST FOR ADMISSIONS (SET ONE) TO DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.

4.  PLAINTIFF MARIA MARTIN'S SPECIAL INTERROGATORIES (SET ONE) TO DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.

5.  PLAINTIFF MARIA MARTIN'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) TO DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.

PROOF OF SERVICE ON PLAINTIFF MARIA MARTIN'S FIRST SETS OF WRITTEN DISCOVERY TO DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On March 4, 2024, I served the foregoing document entitled **FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446** on all the appearing and/or interested parties in this action as follows:

| | |
|---|---|
| Ramin R. Younessi, Esq.<br>Samvl Geshgian, Esq.<br>Eduardo Balderas, Esq.<br>**LAW OFFICES OF RAMIN R. YOUNESSI, APLC**<br>3435 Wilshire Boulevard, Suite 2200<br>Los Angeles, California 90010 | Attorneys for Plaintiff, MARIA MARTIN<br><br>Tel: (213) 480-6200<br>Email: ryounessi@younessilaw.com<br>Email: SGeshgian@younessilaw.com<br>Email: ebalderas@younessilaw.com<br>Email: Bsalinas@younessilaw.com |

☐ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☒ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed March 4, 2024, at Los Angeles, California.

Karla Gonzalez
_____
Print Name

By: _____
Signature

1
CERTIFICATE OF SERVICE

FP 49812084.1